WRIGHT, L'ESTRANGE & ERGASTOLO
Joseph T. Ergastolo (SBN 137807)
jte@wlelaw.com
Davin H. Kono (SBN 312382)
dkono@wlelaw.com
402 West Broadway, Suite 1800
San Diego, California 92101
(619) 231-4844
(619) 231-6710 (Facsimile)

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKINNEY CAPITAL & ADVISORY GROUP, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SILVER ARCH CAPITAL PARTNERS LLC, a New Jersey limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. '20CV0043 BTM WVG<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

NOTICE REMOVAL OF ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 *et seq.*, Defendant Silver Arch Capital Partners LLC ("Silver Arch" or "Defendant"), by and through its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California for the County of San Diego, Central Division, where it is currently pending as Case No. 37-2019-00052881-CU-FR-CTL, to the United States District Court for the Southern District of California, and in support thereof, respectfully states as follows:

## GROUNDS FOR REMOVAL

1. Plaintiff McKinney Capital and Advisory Group LLC ("McKinney Capital" or "Plaintiff") commenced this action in the Superior Court of California, County of San Diego, Central Division, Case No. 37-2019-00052881-CU-FR-CTL, on or about October 4, 2019. True copies of all process, pleadings, orders, and other records in the state court action are attached hereto as Exhibit A.

2. As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A.      The Amount-In-Controversy Requirement Is Satisfied.**

3. The amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs, satisfying the amount in controversy requirements of 28 U.S.C. § 1332(a). The Complaint alleges that Plaintiff "has suffered damages in an amount that exceeds $75,000.00." (Ex. A [Compl. at ¶ 80]). Because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

**B.      Complete Diversity Exists Between Plaintiff And Defendant.**

4. At the time of the filing of this action, Plaintiff McKinney Capital alleged

that it is a California limited liability company with its principal place of business in San Diego, California (Ex. A [Compl. at ¶ 1]).  Plaintiff's Complaint contained no allegations as to the citizenship of its members (id.).

5. At the time this lawsuit was filed and as of the date of this notice, Defendant Silver Arch was and is a New Jersey limited liability company with its principal place of business in Hackensack, New Jersey, and all of Defendant's members were and are citizens of the State of New Jersey (Ex. B [Affidavit of Jeffrey Wolfer at ¶ 2]).

6. On November 20, 2019, Defendant Silver Arch filed a notice of removal in this Court pursuant to 28 U.S.C. §§ 1332 and 1441, Case No. 3:19-cv-02203-L-LL, based on the allegations in Plaintiff McKinney Capital's State court Complaint and Defendant's allegations that "[n]one of the members of Defendant are citizens of the State of California" and that "none of the members of Plaintiff are citizens of the State of New Jersey." (Dkt. No. 1, Case No. 3:19-cv-02203-L-LL).

7. On November 21, 2019, the Hon. M. James Lorenz issued an order remanding the case on grounds that diversity of citizenship was not ascertainable from the face of the Complaint and that Defendant Silver Arch's diversity allegations were "insufficient to conclude that none of Plaintiff's members is a citizen of the same state as any Defendant's members." (Dkt. No. 2, Case No. 3:19-cv-02203-L-LL).

8. Thereafter, on or about November 25, 2019, Defendant requested Plaintiff disclose the state of citizenship for each of Plaintiff's members for the purpose of ascertaining whether removability based on diversity of citizenship exists.  Plaintiff declined to disclose each of its member's state of citizenship.

9. On or about November 25, 2019, Defendant propounded two special interrogatories on Plaintiff, which sought the identities and states of citizenship of each of Plaintiff's members.

10. On December 26, 2019, Plaintiff served Defendant with responses to the special interrogatories, which consisted entirely of boilerplate objections and lacked any substantive answers.

11. On January 2, 2020, Defendant sent a meet-and-confer letter to Plaintiff, wherein it requested that Plaintiff serve revised, adequate, and responsive answers to the two special interrogatories.

12. On January 3, 2020, Plaintiff served Defendant with amended responses to the special interrogatories, which disclosed that Plaintiff's sole member, an individual, was and is a citizen of and domiciled in California (Ex. C [Pl.'s First Am. Resp. to Def.'s Special Interrogs. (Set One) at 2-3]).

13. The Complaint also names Defendants "DOE 1 through DOE 50." (Ex. A [Compl. at ¶ 3]). For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

14. Because Plaintiff's sole member does not share a state of citizenship with any of Defendant's members, the diversity requirement of 28 U.S.C. § 1332 is satisfied.

## THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

15. This removal notice is timely filed pursuant to 28 U.S.C. § 1446(b)(3) because it is filed within thirty days after Defendant's receipt, "through service or otherwise, of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable." Removability based on diversity of citizenship does not appear on the face of Plaintiff's Complaint because the Complaint contains no allegations as to the identity or state of citizenship of each of Plaintiff's members (Ex. A [Compl.] ¶ 1]; Dkt. 2, Case No. 3:19-cv-02203-L-LL). It was not until January 3, 2020, by Plaintiff serving amended answers to Defendant's special interrogatories disclosing the California citizenship of its sole member, that Defendant became aware that this case is removable. Defendant files this notice within thirty days thereafter.

16. This action is properly removed to the United States District Court for the Southern District of California, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); see also 28 U.S.C. § 84(d) (listing the counties within the Southern District of California).

17. Defendant has complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. § 1446(a), true and correct copies of all the process, pleadings, or orders on file in the state court or served on Defendant in the state court are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve a notice of filing of removal, with a copy of this Notice of Removal attached thereto, on counsel for Plaintiff and will file a notice of filing of removal, with a copy of this Notice of Removal attached thereto, with the Clerk of the Superior Court of California, County of San Diego, Central Division, Case No. 37-2019-00052881-CU-FR-CTL. Copies of the Notice (without Exhibits A-C) and the certificate of service of the Notice to Plaintiff and the Superior Court of the State of California, County of San Diego are attached hereto as Exhibit D.

Date: January 7, 2020                          WRIGHT, L'ESTRANGE & ERGASTOLO

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*

By: */s/ Joseph T. Ergastolo*
     Joseph T. Ergastolo