# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SILVER ARCH CAPITAL PARTNERS, LLC., a New Jersey limited
liability company; and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MCKINNEY CAPITAL & ADVISORY, LLC., a California limited
liability company.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/04/2019** at 09:48:14 PM

Clerk of the Superior Court
By Jacqueline J. Walters,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Diego County
330 W. Broadway
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):* 37-2019-00052881-CU-FR-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Craig DuFord, DuFord Law, LLP, 3611 Fifth Avenue, San Diego, CA 92103; Ph. 619-546-4291.

| DATE: 10/07/2019 | Clerk, by | J. Walters | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Silver Arch Capital Partners, LLC

under: ☑ CCP 416.10 (corporation)
☐ CCP 416.20 (defunct corporation)
☐ CCP 416.40 (association or partnership)
☐ CCP 416.60 (minor)
☐ CCP 416.70 (conservatee)
☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Craig DuFord, SBN 305823/ Julia Zold SBN 324847 Duford Law, LLP 3611 Fifth Avenue San Diego, CA 92103 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (619) 546-4291     FAX NO.: (619) 354-2449 ATTORNEY FOR *(Name)*: McKinney Capital and Advisory Group, LLC | **ELECTRONICALLY FILED** Superior Court of California, County of San Diego |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego STREET ADDRESS: 330 W Broadway MAILING ADDRESS: 330 W Broadway CITY AND ZIP CODE: San Diego, 92103 BRANCH NAME: Central Division | **10/04/2019** at 09:48:14 PM Clerk of the Superior Court By Jacqueline J. Walters, Deputy Clerk |

CASE NAME:
McKinney Capital and Advisory Group, LLC v. Silver Arch Capital Partners, LLC

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 37-2019-00052881-CU-FR-CTL |
|---|---|---|
| ☑ Unlimited    ☐ Limited (Amount      (Amount demanded     demanded is exceeds $25,000)   $25,000 or less) | ☐ Counter    ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Kenneth J Medel DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☑ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/04/19
Julia Zold
           (TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

1  CRAIG W. DUFORD, State Bar No. 305823
   *craig@dufordlaw.com*
2  JULIA S. ZOLD , State Bar No. 324847
   *julia@dufordlaw.com*
3  DUFORD LAW, LLP
4  3611 Fifth Ave
   San Diego, CA 92103
5  Ph:   (619) 546-4291
6  Fax: (619) 354-2449
   Attorneys for Plaintiff
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/04/2019** at 09:48:14 PM

Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10

| | |
|---|---|
| 11  MCKINNEY CAPITAL & ADVISORY, LLC., a California limited liability company, | Case No.: 37-2019-00052881-CU-FR-CTL |
| 12 | **COMPLAINT FOR** |
| 13          Plaintiff, | **1.   ACTUAL FRAUD AND DECEIT BASED ON INTENTIONAL** |
| 14  vs. | **MISREPRESENTATION;** |
| 15  SILVER ARCH CAPITAL PARTNERS, LLC., a New Jersey limited liability company; and DOES | **2.   NEGLIGENT MISREPRESENTATION;** |
| | **3.   BREACH OF WRITTEN CONTRACT; AND** |
| 16 | **4.   BREACH OF THE IMPLIED COVENANT** |
| 17  1-50, inclusive, | **OF GOOD FAITH AND FAIR DEALING.** |
| 18          Defendants. | |
| 19 | **DEMAND FOR JURY TRIAL** |

20          Plaintiff alleges:

21          1.      Plaintiff, MCKINNEY CAPITAL & ADVISORY, LLC., ("PLAINTIFF"), is a

22  California limited liability company and is now, and at all times mentioned in this Complaint,

23  had a principal place of business in San Diego County, California.

24          2.      Defendants, SILVER ARCH CAPITAL PARTNERS, LLC., ("SILVERARCH")

25  is a New Jersey limited liability company and is now, and at all times mentioned in this Complaint,

26  doing business in the state of California.

27

28

3.     DOE 1 through DOE 50, inclusive, are fictitious names of defendants sued herein under the provisions of Code Civ. Proc., § 474. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such defendants.

4.     Plaintiff is informed and believes and thereon alleges, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, or joint venture of the remaining Defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10

6.     Venue is proper because the facts and circumstances giving rise to the allegations in this Complaint occurred in San Diego County.

7.     The allegations of this Complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## FACTUAL BACKGROUND

8.     The PLAINTIFF reached out to SILVERARCH to refinance a loan on the real property located at 414 Lesser Street, Oakland, CA 94601 ("LESSER STREET").

9.     On or around, March 1, 2019, SILVERARCH provided the PLAINTIFF with a Term Sheet. (Exhibit A.)

10.     The Term Sheet included material terms of the refinancing loan.

11.     On or around March 6, 2019, the PLAINTIFF, signed the Term Sheet and wired SILVERARCH $40,000.00, thereby agreeing to the material terms of the loan as described in the Term Sheet.

12. Specifically, the Term Sheet was for a $6,000,000.00 interest-only loan for a term of two years, with a closing date of April 4, 2019.

13. The Term Sheet, required the PLAINTIFF to make a "Due Diligence Deposit in the amount of $40,000.00." The $40,000.00 was to be returned to the PLAINTIFF in the event the Lender, SILVERARCH, fails to perform its obligations as described in the Term Sheet.

14. The Disclosure section of the Term Sheet states that "[t]his Term Sheet shall be non-binding with the exception of the Break-up Fee, indemnification against expenses, and Due Diligence charges above."

15. Consequently, the Term Sheet's clauses concerning the Break-up Fee, indemnification against expenses, and Due Diligence charges became binding on the Parties when they signed the sheet. Further, the Commitment Letter made the entire Term Sheet binding on the parties as the commitment was "based on the term's conditions, and requirements of the Term Sheet."

16. On March 26, 2019, SILVERARCH provided a commitment letter to PLAINTIFF stating that SILVERARCH would provide a loan in the amount of $6,000,000 based on the terms and conditions included in the Term Sheet dated March 1, 2019. (Exhibit B.)

17. PLAINTIFF acknowledged the Commitment Letter on or about March 26, 2019, and returned it to SILVERARCH, thereby making the terms listed in the Term Sheet binding on the parties.

18. PLAINTIFF relied on the terms provided by SILVERARCH in the Term Sheet when they signed the Commitment Letter.

19. On or around March 27, 2019, SILVERARCH sent the PLAINTIFF a document which they stated was the Loan Application regarding the LESSER STREET refinancing loan. (Exhibit C.)

20. The Loan Application sent to the PLAINTIFF was not addressed to any of their employees and contained different and additional material terms that were not included in the Term Sheet.

21. The Loan Application included stringent, non-market, cash management provisions that were neither included in the Term Sheet, nor mentioned by SILVERARCH in any communications between them and the PLAINTIFF occurring before to March 26, 2019.

22.     The Loan application moved the closing date from April 4, 2019, which was listed under the Term Sheet, to April 20, 2019.

23.     Further, the Term Sheet provided that "Borrower agrees to pay Lender a Break-up fee of ½ % of the Loan amount," where the Loan Application provided a Break-up Fee of "1% of the Loan Amount" (Exhibit A & C.)

24.     A Break-up Fee of "½ %" of the $6,000,000.00 loan amount equates to $30,000.00.

25.     Conversely, a Break-up Fee of "1 %" of the $6,000,000.00 loan amount equates to $60,000.00.

26.     The $30,000.00 increase in the Break-up Fee constitutes a material change to the Term Sheet that was signed by the Plaintiff.

27.     SILVERARCH also added a fee for servicer cost to the Loan Application.(Exhibit C.)

28.     The signed Term Sheet did not contain any section mentioning the servicer fee that the Plaintiff would be obligated to pay.

29.     The servicer cost included in the Loan Application is material to the PLAINTIFF as they are required to pay them in an amount not to exceed five basis points, equal to $30,000.00.

30.     The changes made to the Loan Application, described above, are material in that the PLAINTIFF would not have signed the Term Sheet or Loan Commitment had they been disclosed to the PLAINTIFF before signing.

31.     Thus, any changes made by SILVERARCH as to those terms agreed upon in the Term Sheet and Commitment Letter constitute a failure of SILVERARCH to meet their duties and obligations.

32.     On or around April 2, 2019, SILVERARCH informed PLAINTIFF that they would not be able to remove the materially different and additional terms from the Loan Application.

33.     SILVERARCH's refusal to remove the different and additional material terms constitutes a breach of the Term Sheet dated March 1, 2019, as well as a breach of the Commitment Letter.

1    34.    After SILVERARCH's breach of the Term Sheet and Commitment Letter,

2  PLAINTIFF refused to sign the Loan Application and requested that their Due Diligence Fee of

3  $40,000.00 be returned to them as described under the Due Diligence section of the Term Sheet.

4    35.    The Loan Offer section of the Term Sheet states, "[i]n the event Lender provides

5  a Loan Offer consistent with the terms and conditions herein. The Due Diligence Deposit is non-

   refundable." (Exhibit A.)

6
     36.    The return of the Due Diligence deposit to the PLAINTIFF is a binding term of

7  both the Commitment Letter and Term Sheet under the Disclosure section.

8    37.    As a binding term, the Parties are obligated to perform the acts described in the

9  Term Sheet.

10   38.    Any binding term that either party fails to fulfill constitutes a breach of contract

11  and failure of the party to perform their obligations under the agreement.

12   39.    Accordingly, the Defendant must refund the $40,000.00 Due Diligence Deposit

13  to the Plaintiff under the Term Sheet because of the different and additional terms contained in

    the Loan Offer.
14
     40.    PLAINTIFF has made multiple demands to SILVERARCH for the return of the

15  Due Diligence Deposit to no avail.

16   41.    As a result of SILVERARCH's refusal to refund the Due Diligence Deposit, the

17  PLAINTIFF has suffered damages.

18   42.    Even more seriously, PLAINTIFF has incurred expenses in obtaining an alternate

19  loan with less favorable terms.

20   43.    Due to SILVERARCH's breach of the Term Sheet and Commitment Letter,

21  PLAINTIFF was required to pay at least an additional $60,000.00 under a loan for two years with

22  a one-year option. The loan described in the Term Sheet was for a two-year loan with a one-year

    option.
23
     44.    Silver Arch has used the same aforementioned scheme against other victims in

24  the past, evidencing a pattern and practice of their unlawful and fraudulent conduct. (Exhibit D.)

25  ///

26  ///

27  ///

28  ///

# FIRST CAUSE OF ACTION

## Actual Fraud and Deceit Based on Intentional Misrepresentation

[Civ. Code §§ 1572(1), 1709, 1710(1) and Common Law]

45.     PLAINTIFF hereby repeats, re-alleges, and incorporates by reference all of the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

46.     On or about March 26, 2019, SILVERARCH, acting intentionally and/or recklessly, made false representations to PLAINTIFF that were material in PLAINTIFF's decision to sign the Term Sheet for the loan on the property located at 414 Lesser St.

47.     SILVERARCH intentionally falsely represented to PLAINTIFF that the terms described in the Term Sheet would be binding on the Parties when they sent the Loan Commitment to the PLAINTIFF, which the PLAINTIFF signed and returned.

48.     SILVERARCH knew that the representation made in the Term Sheet were false at the time they sent the Commitment Letter to the PLAINTIFF.

49.     SILVERARCH has made a pattern and practice of the unlawful conduct committed against the PLAINTIFF and has committed the same unlawful acts against others. (Exhibit D.)

50.     PLAINTIFF was unaware that SILVERARCH's representations were false and justifiably relied on them when signing the Commitment Letter.

51.     As a result, PLAINTIFF was damaged in that SILVERARCH refused to refund the Due Diligence Fee paid to them by the PLAINTIFF as required under the terms of the Term Sheet, made binding by the Commitment Letter.

52.     PLAINTIFF has incurred damages in an amount no less than $75,000.00, as well as attorney fees and expenses in taking action to obtain remedies for SILVERARCH's false representations.

53.     SILVERARCH acted willfully and knowingly in its actions and representations, and its conduct was oppressive and malicious for the purpose of wrongfully protecting itself and damaging PLAINTIFF.

54.     PLAINTIFF is entitled to punitive damages.

///

# SECOND CAUSE OF ACTION

## Negligent Misrepresentation

[Civil Code §§1572(2), 1709, 1710(2) and Common Law]

55.     PLAINTIFF hereby repeats, re-alleges, and incorporates by reference all of the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

56.     SILVERARCH made representations to PLAINTIFF in connection with the Term Sheet and Commitment Letter entered into by the parties.

57.     SILVERARCH owed a duty to the PLAINTIFF through their business and contractual relationship.

58.     SILVERARCH's representations and omissions were not warranted by the facts known to SILVERARCH, which included that SILVERARCH never intended to provide the terms that were described in the Term Sheet and Relied upon by the PLAINTIFF in continuing the loan transaction to refinance the property at LESSER STREET.

59.     SILVERARCH was unaware of the true status of SILVERARCH's ability to perform pursuant to the agreement and intention to materially change the terms of the loan in the Loan Application sent by them to the PLAINTIFF.

60.     SILVERARCH has made a pattern and practice of the unlawful conduct committed against the PLAINTIFF and has committed the same unlawful acts against others.

61.     PLAINTIFF was damaged in that they were exposed to hardships due to SILVERARCH's failure to perform under the terms described in the Term Sheet that was made binding on the Parties through the Commitment Letter.

62.     SILVERARCH's conduct is the actual and proximate cause of the harm the Plaintiff has and continues to suffer.

63.     SILVERARCH has incurred damages in an amount not less than $75,000.00, as well as attorney fees and expenses in taking action to obtain remedies for SILVERARCH's false representations.

///

///

///

///

# THIRD CAUSE OF ACTION

## Breach of Written Contract

### [Common Law]

64. PLAINTIFF hereby repeats, re-alleges, and incorporates by reference all of the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

65. To recover damages for breach of contract, a PLAINTIFF must prove all of the following: (1) that the parties formed a contract; (2) that PLAINTIFF did all, or substantially all, of the significant things that the contract required him to do or was otherwise excused; (3) that all conditions required by the contract for the SILVERARCH'S performance occurred or were excused; and (4) that SILVERARCH did something or failed to do something that violates the contract. (*See* CACI No. 303.)

66. PLAINTIFF and SILVERARCH entered into a contract under the Term Sheet and Loan Commitment signed by the Parties.

67. The agreement was in writing and provided that SILVERARCH would provide a loan to the PLAINTIFF under the terms described in the Term Sheet.

68. PLAINTIFF has completed her obligations under the agreement with SILVERARCH, by paying the required Due Diligence Fee described in the Term Sheet, as well as following all other provision thereunder.

69. PLAINTIFF had, at all times, been ready, willing and able to perform all of the conditions of the agreement.

70. SILVERARCH failed to perform the duties and obligations as described under the Term Sheet and Loan Commitment.

71. SILVERARCH has made a pattern and practice of the unlawful conduct committed against the PLAINTIFF and has committed the same unlawful acts against others.

72. PLAINTIFF suffered damages that were actually and proximately caused by SILVERARCH's breach of contract, as described in this Complaint, in an amount no less than $75,000.00, all paragraphs of which are incorporated here to the extent pertinent as if set forth here in full.

73.     As a direct and proximate result of SILVERARCH's conduct, PLAINTIFF incurred damages, as well as attorney fees and expenses in taking action to obtain remedies for SILVERARCH's false representations.

### FOURTH CAUSE OF ACTION

#### Breach of the Implied Covenant of Good Faith and Fair Dealing

#### [Common Law]

74.     PLAINTIFF hereby repeats, re-alleges, and incorporates by reference all of the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

75.     Every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

76.     SILVERARCH breached the covenant of good faith and fair dealing by acting to injure the PLAINTIFF when they add materially different and additional terms to the Loan Application than defined in the Term Sheet.

77.     SILVERARCH's breach was wrongful, in bad faith, and unfair, and therefore in violation of SILVERARCHS legal duties.

78.     PLAINTIFF further alleges that SILVERARCH breached the covenant of good faith and fair dealing when they omitted pertinent information regarding the agreement.

79.     SILVERARCH's breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to PLAINTIFF.

80.     As a direct and proximate result of SILVERARCH's unlawful conduct herein alleged, PLAINTIFF has suffered damages in an amount that exceeds $75,000.00.

81.     SILVERARCH has made a pattern and practice of the unlawful conduct committed against the PLAINTIFF and has committed the same unlawful acts against others.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays for relief and judgment against the Defendants as follows:

1.     That the court award PLAINTIFF general damages;

2.     That the court award PLAINTIFF punitive;

3.     That the court award PLAINTIFF consequential damages;

4.  Reasonable attorney's fees according to proof;

5.  For costs of suit incurred herein; and

6.  For such other and further relief as this Court deems just and proper.

Dated: October 3, 2019                      Respectfully submitted:

                                            DUFORD LAW, LLP


                                            By: _____
                                            CRAIG W. DUFORD
                                            JULIA S. ZOLD
                                            Attorneys for Plaintiff MCKINNEY CAPITAL
                                            & ADVISORY, LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all claims so triable.


Dated: October 3, 2019

Respectfully submitted:

DUFORD LAW, LLP

By: _____

CRAIG W. DUFORD
JULIA S. ZOLD
Attorneys for Plaintiff MCKINNEY CAPITAL
& ADVISORY, LLC

# Exhibit A



Origination • Servicing • Advisory Services

March 1, 2019

Damian McKinney
McKinney Capital and Advisory

Via Email:     c/o: Chris Ly; Cly@mckinneycapital.com          Bruce H. Block; blockb@jmb.com

Dear Mr. McKinney:

Based on Silver Arch Capital Partner's ("Lender") preliminary evaluation of your loan request, Lender will initiate due diligence for a loan to McKinney Capital and Advisory ("Borrower") in the principal amount of Six Million Dollars ($6,000,000) based on the terms of this Term Sheet. The general terms and conditions for the closing of any loan are as follows:

**This Term Sheet will expire on March 1, 2019, time being of the essence, if not executed prior thereto.**

| | |
|---|---|
| **Borrower:** | McKinney Capital and Advisory, a special purpose bankruptcy remote entity. |
| **Guarantor:** | Damian McKinney, and any other non-passive entities or individuals having a 10% or greater interest in the borrower, shall provide guarantee of standard non-recourse carveouts only, including a covenant to not contest Lender's enforcement of its right in the event of default. |
| **Requested Total Loan Amount:** | $6,000,000 |
| **Loan Purpose/Use Of Proceeds:** | Refinance, pay leasing commissions, and construction overages |
| **Collateral:** | The real property and improvements thereon located at 414-420 Lesser Street, Oakland, CA more particularly described on Schedule "A" attached hereto (the "Property"). The Loan shall be evidenced by a full set of loan documents including a Loan Agreement, Note and first mortgage or deed of trust covering the Property unless otherwise agreed to, each mortgage or deed of trust shall grant Lender a first priority security interest in the Property and related furniture, fixtures and equipment and all escrow and reserve accounts and a first priority assignment of leases, rents, profits, accounts receivable, other revenues, permits, licenses and contracts with respect to the Property, and assignment of the ownership interests in the borrowing entity. |
| **Loan Term:** | 2 year(s), Interest Only. |
| **Extension Option(s):** | Two 6 month extensions, upon payment of 1/2% of the loan amount per extension and provided the loan is not in default. |

**Origination Fee:** Two Percent (2%) of the loan amount.

**Interest Rate:** The interest rate for the term of the Loan shall be (i) Nine and One Half percent Percent (9.5%)

**Prepaid Interest:** TBD

**LTV Ratio:** Fifty-five Percent (55%)

**Projected Closing Date:** 4/4/2019

**Minimum Interest:** The Loan may be prepaid at any time upon payment of interest on the loan through the 9th month of the Term.

**Brokerage:** Any fees, commissions, etc. due and owing to any broker related to this transaction shall be the responsibility of Borrower and shall be paid by Borrower at or prior to closing of the Loan pursuant to the corresponding agreement.

**Due Diligence:** This Term Sheet and all of its terms and conditions will become effective only upon delivery to this office of a signed copy of this Term Sheet accompanied with a Due Diligence Deposit in the amount of Forty Thousand Dollars ($40,000.00), Lender will then provide a Due Diligence checklist. The Due Diligence Deposit will be utilized for Lender's site inspection, appraisal, underwriting, and evaluation procedures. The unused portion of the Due Diligence deposit would be credited toward the Origination Fee at closing. In the event Lender does not perform its obligations hereunder, the Due Diligence Deposit would be refunded to Borrower.

**Expenses:** Borrower agrees to indemnify, defend, and hold harmless Lender against any and all actual and reasonable expenses incurred with this transaction, including but not limited to legal fees.

**Loan Offer:** Lender will underwrite the market value of the proposed collateral utilizing a national appraisal firm. Lender will then present Borrower with a Loan Offer indicating the amount Lender is willing to lend based on the value of proposed Collateral and the terms herein.

In the event Lender provides a Loan Offer consistent with terms and conditions herein, the Due Diligence Deposit is non-refundable.

Upon acceptance of the Loan Offer a Loan Application will be executed by Borrower, upon which an additional 1/2% of the loan amount would be due and payable; the unused portion of such amount to be fully credited toward the Origination Fee at closing, or in the event Borrower elects not to close, would be credited toward the breakup fee hereunder. Upon

TS4849_R5

Applicant's Initials 

engagement of counsel, a closing checklist, detailing all items, documents and deliveries necessary to close the Loan will be provided.

The Loan closing shall be subject to full loan documentation and subject to complete and acceptable due diligence including, but not be limited to the following:

- Title Insurance
- Alta Survey
- Insurance (Hazard, Liability, Flood)
- Opinion letter of Borrower Counsel
- Engineering/Structural review
- Environmentals (Phase I / Phase II)
- Borrower's & Guarantor's financials (financials and the three most recent federal tax returns)

**Governing Law:** This Term Sheet and the other Loan Documents (except the mortgage or deed of trust which shall be governed by the law of the jurisdiction of the realty), shall be governed by and construed in accordance with the internal substantive laws of the State of New York, without regard to the choice of law principles of such state.

**Choice of Forum:** Borrower and Guarantor(s) consent to the jurisdiction of any state or federal court sitting in the State of New York for adjudication of any dispute between the Borrower and Guarantor(s), their agents, servants and/or employees and Silver Arch Capital Partners under any theory of law in connection with, out of, or otherwise relating to this Term Sheet and any related transactions and that venue shall be proper in any such court to the exclusion of the courts in any other state or country. The Borrower further agrees that such designated forum is proper and convenient. By executing this Term Sheet, Borrower and Guarantor(s) authorize Silver Arch Capital Partners to obtain credit information on Borrower and Guarantor.

**Miscellaneous:** Borrower acknowledges and represents that this is a commercial transaction not subject to any state's consumer protection laws. Borrower understands that Lender would not be proceeding with Borrower without this representation.

**Committee Approval:** The undertaking of the Lender to make the Loan is subject to, among other things, the approval of its loan/credit committee.

**Break-up Fee:** Borrower agrees to pay Lender a break-up fee of 1/2% of the Loan amount in the event Borrower accepts he Loan offer and fails to close the Loan with Lender due to no fault of Lender.

**Lenders Right to Assign:** In addition, the Borrower acknowledges and agrees that the Lender may sell, assign, hypothecate, pledge or otherwise transfer all or any portion of the Loan to a third party prior to, at or after the Loan closing.

**Disclaimer:** This Term Sheet is based upon preliminary information and loan request provided by Borrower. Lender has relied on all the information provided by Borrower as being true and correct in all respects. This Term Sheet shall be non-binding with the exception of the Break-up Fee, indemnification against expenses, and Due Diligence charges above. This

Page 3 of 5

Applicant's Initials

Term Sheet is not a loan Commitment. Final terms and conditions of any Loan will be subject to, among other things, Lender's due diligence, legal review including documentation, credit review procedures, and internal approvals, customary for a transaction of this nature in Lender's sole reasonable discretion. All due diligence and reports, including without limitation, title, engineering, environmental, and zoning must be acceptable to Lender and its counsel in all respects. Borrower agrees to indemnify and hold harmless the Lender and its officers, directors, employees, affiliates, advisors, agents and controlling persons from any and all losses, claims, damages and liabilities whether direct, indirect or consequential damages of any kind. This Term Sheet and its terms are submitted on a confidential basis and shall not be disclosed except to investors and advisors of Borrower who may be bound by such confidentiality arrangements. This Term Sheet and any subsequent documentation pertaining to any Loan shall be governed by the laws of the State of New York.

ACCEPTED AND AGREED
McKinney Capital and Advisory

BY: _____  3/6/2019
     Damian McKinney        Date

Silver Arch Capital Partners, LLC

BY: _____  3|7|19
     Jonathan Weiner        Date
     Senior Director

TS4840_R5

Applicant's Initials

Schedule "A"

414-420 Lesser Street, Oakland, CA

The total property is 61,500 Sq. Ft. and is 89% leased out to cannabis tenants.

TS4849_R5

Applicant's Initials

# Exhibit B



March 26, 2019

McKinney Capital and Advisory
414 Lesser St.
Oakland, CA
Attention: Damian McKinney

Via Email: c/o Mr. Chris Ly: Cly@mckinneycapital.com
      Cc: Mr. Bruce Block: blockb@jmb.com

Dear Mr.McKinney :

As provided in the Term Sheet dated March 1, 2019 this shall confirm that the amount of the loan Silver Arch

Capital Partners is willing to make based on the valuation of the collateral is $6,000,000 based on the terms,

conditions, and requirements of the Term Sheet.

Please sign below acknowledging the above and return by March 29,2019.

Very Truly Yours;

Jeffrey Wolfer
President and CEO

ACCEPTED AND AGREED
McKinney Capital.

BY: Damian McKinney          Date 3/26/19

# Exhibit C



Origination • Servicing • Advisory Services

March 27, 2019

Silver Arch Capital Partners, LLC
411 Hackensack Avenue, Suite 803
Hackensack, NJ 07601

Attention: Jeffrey Wolfer

Re: <u>Proposed $6,000,000 Financing on 414-420 Lesser St., Oakland, CA (the "Property")</u>

Dear Mr. Wolfer:

The purpose of this letter is to set forth the terms and conditions intended to be submitted to the investment committee of Silver Arch Capital Partners, LLC (together with its affiliates and their respective successors and assigns hereinafter collectively being referred to as "<u>Lender</u>") in connection with the proposed loan (the "<u>Loan</u>") requested by the undersigned ("<u>Applicant</u>"). The terms and conditions of the Loan to be considered shall be those set forth in this letter and the term sheet attached hereto (collectively, this or the "<u>Application</u>").

Applicant will, contemporaneously with the execution of this Application, pay to Lender a good faith deposit of $30,000, (the "<u>Good Faith Deposit</u>"); to be applied by Lender to cover fees and expenses incurred by Lender in connection with this Application and/or the Loan (the "<u>Expenses</u>"). Applicant shall remit to Lender promptly upon demand any additional amounts required by Lender, which amounts shall be deemed a part of the Good Faith Deposit and absent which Lender may elect not to proceed with diligence and/or underwriting of the Loan. The Good Faith Deposit and any such additional amounts shall be delivered to Lender pursuant to the instructions set forth on <u>Exhibit B</u> hereto or as otherwise directed by Lender. Applicant agrees to indemnify, defend, and hold Lender harmless against any Expenses. Expenses will include, without limitation, external legal counsel; audit services; travel; background and credit checks; lease reviews and underwriting and due diligence costs including third party fees incurred for insurance, zoning, appraisal, environmental and structural engineering reviews and reports. The obligations in this paragraph will survive in the event this Application is terminated for any reason.

Applicant agrees to cooperate with Lender and its counsel, agents and representatives, and provide Lender and its counsel, agents and representatives with all requested information in order that Lender may conduct its due diligence investigation. Applicant acknowledges that Lender will be relying on information supplied by Applicant in evaluating this Application and Applicant agrees to provide any updates to information previously provided on a timely basis and to disclose all material information concerning Applicant, Borrower or any of its principals, the Property, or any of the tenants of the Property. Applicant further agrees that any reviews, decisions, approvals, or acceptance to be made by Lender under this Application may be made by Lender in its sole and absolute discretion.

Applicant hereby acknowledges and represents that it is working solely with Lender to procure financing for the Property. If Applicant fails to close with Lender or has made any material

AS4849_R1                                                                      Applicant's Initials _____

misrepresentation or omitted any material fact, then in addition to the Good Faith Deposit, the Applicant shall pay to Lender upon demand, a Break-Up Fee equal to 1% of the Loan Amount as liquidated damages for the time and effort expended by Lender in connection with this Application, it being expressly acknowledged and agreed that Lender's actual damages in such instance will be impossible to calculate. This paragraph shall survive any termination of this Application.

Applicant understands and acknowledges that Lender's agreement to make the Loan is subject to receipt of approval from Lender's internal investment committee and Borrower's fulfillment of the Closing Conditions, each in form and substance satisfactory to Lender. Applicant acknowledges and agrees that this Application does not set forth all of the terms and conditions of the proposed Loan, but is merely intended to serve as an outline of the major points of understanding between the parties that will be set forth in the final Loan Documents. Accordingly, this Application is subject to revision by Lender and cannot be construed for any purpose as a commitment by Lender to fund any loan under these or any other terms. Further, no such offer or commitment may be made orally by any employee, officer, agent, or representative of Lender, and none should be implied based on any statements by, or conduct of, any such persons.

This Application shall be governed by, construed, and interpreted in accordance with the internal laws of the State of New York, without regard to principles of conflicts of laws. Applicant submits to the exclusive jurisdiction of the courts of the State of New York for the resolution of any dispute in connection with this Application. Both parties waive any right to a jury trial.

Applicant acknowledges its acceptance of the terms and conditions relating to the Loan described in this Application by (i) executing below, (ii) initialing each page of this Application where indicated, (iii) completing the certification attached hereto as Exhibit C for each Key Principal and each borrower and (iv) submitting each of the same to Lender along with the Good Faith Deposit. Applicant understands that failure to do so within five (5) days after the date hereof shall render this Application null and void.

Sincerely,

McKinney Capital and Advisory

By: _____

Name:
Title:

Date:

-2-



March 27, 2019

| | |
|---|---|
| **Property Address:** | 414-420 Lesser St., Oakland, CA |
| **Property Type:** | Industrial |
| **Interest of Borrower:** | Fee Simple |
| **Purpose of Financing:** | Refinance, TI/LC |
| **Lender:** | Silver Arch Capital Partners, LLC (or an affiliate thereof), and its successors and/or assigns. |
| **Borrower:** | Subject to due diligence, McKinney Capital Advisory, a special purpose bankruptcy remote entity, to be more specifically identified in the Loan Documents (defined below). |
| **Borrower Structure:** | An existing or to be a newly formed single-purpose limited liability company or limited partnership acceptable to Lender. |
| **Key Principal:** | Damian McKinney and any other entities or individuals having a 10% or greater interest in the Borrower. |
| **Manager:** | Manager will be required to subordinate its rights under any management agreement to the Loan. The loan documents will provide that upon the occurrence of certain events Borrower may be required to terminate and replace Manager with an independent third party manager acceptable to Lender. |
| **Loan Amount:** | Up to $6,000,000   subject to adjustment to comply with the terms and conditions set forth in this Application. |
| **Limitations on Loan Amount:** | On the date of Closing, the Loan shall have a loan-to-value ratio (the "LTVR") of no greater than   55 %. |
| **Collateral:** | Lender shall have a first priority lien on the Property, including a first priority assignment of all leases, rents, issues and profits and a first priority and perfected security interest in all personal property, licenses, permits, contract rights, general intangibles and other assets of Borrower used in connection with the operation, maintenance and management of the Property, and assignment of the ownership interests in the Borrowing entity, to be evidenced and secured by Lender's standard loan documents (the "Loan Documents"). |

AS4849_R1                                                            Applicant's Initials _____

| | |
|---|---|
| **Origination Fee:** | 2% of the Loan Amount. |
| **Prepaid Interest:** | 12 months to be paid at closing. |
| **Minimum Interest:** | The Loan may be prepaid at any time upon payment of interest on the loan through the 9th month of the term. |
| **Maturity Date:** | One year after the Closing. |
| **Extension Options:** | Up to two (2) extensions of six months each subject to: (i) no event of default existing; (ii) receipt by Lender of no less than 30 days irrevocable written notice of Borrower's intent to exercise the applicable Extension Option, (iii) the Property then having an LTVR of no greater than 55 % (iv) Borrower depositing initial or additional amounts into any reserve accounts then being required by Lender, (v) receipt by Lender of a ½ % extension fee for each extension; and (vi) such other requirements as are then standard for Lender. |
| **Interest Rate:** | Nine and one half percent (9.5%) with interest payable monthly in arrears, calculated on an actual/360 basis. |
| **Amortization:** | None. |
| **Cash Management:** | Borrower will be required to establish an account (the "Clearing Account") at a bank acceptable to Lender with a long-term unsecured debt rating of at least "A "(or the equivalent) and a short-term unsecured debt rating of at least "A-1" (or the equivalent) from at least two (2) rating agencies (the "Clearing Bank"). Prior to Closing, Borrower shall be required to notify each tenant at the Property and each account debtor to remit all amounts due with respect to the Property directly to the Clearing Account during the term of the Loan. |

The Clearing Account shall be under the sole control of the Lender. Provided no Sweep Event (as defined below) has occurred, funds deposited into the Clearing Account will be transferred to an account of Borrower. Upon the occurrence of a Sweep Event, all funds deposited into the Clearing Account will be transferred to an account of Lender (the "Collection Account"), to be applied by Lender in accordance with the terms of the Loan Documents.

A "Sweep Event" will occur: (i) if an event of default occurs under the Loan or the Property management agreement, (ii) if the DSCR for the Property for the prior 2 month period falls below 90% of the DSCR at the time of the Closing, (iii) if any tenant occupying more than 10% of the Property (either physical or economic occupancy) ceases to conduct its normal business operations at substantially all of its leased premises (iv) if any tenant occupying more than 10% of the Property (either physical or economic occupancy) (or such tenant's parent, if applicable) becomes insolvent, files for bankruptcy or has its senior unsecured debt rating fall below "BBB-" by Standard & Poor's ratings services (or the equivalent of such rating by Moody's).

Notwithstanding the foregoing, upon an event of default, all funds in the Clearing Account will be transferred to the Collection Account and Lender may apply any such funds in such order, proportion and priority as Lender may determine.

**Reserves:**

Borrower will be required to establish at Closing and fund and maintain during the term of the Loan ongoing reserves for real estate taxes and property and liability insurance premiums. Such reserves will be held by Lender as additional collateral for the Loan and applied as determined by Lender.

**Closing:**

The closing of the Loan shall occur no earlier than the first business day after Applicant and/or Borrower have satisfied all of Lender's requirements, including the Closing Conditions and any other terms and conditions set forth in this Application. Lender will work in good faith to complete the Closing by April 20,2019 ; provided that Lender shall not be liable to Borrower for any failure of Lender to achieve a Closing by such date.

**Closing Conditions:**

Lender's conditions to closing the Loan shall include the following:

(a)     review and approval of Borrower's organizational documents and the credit history of Applicant, Manager, Key Principal and each of their principals;

(b)     delivery of a FIRREA appraisal from an MAI appraiser to be ordered by Lender at Borrower's expense and satisfaction of any assumptions therein;

(c)     delivery of a Phase I environmental report to be ordered by Lender at Borrower's expense addressing all environmental risks pursuant to Lender's scope of work, including, without limitation, asbestos, mold, radon and lead-based paint and, if required by Lender, a Phase II report and/or the implementation of an Operations and Maintenance Plan for any necessary remediation;

(d)     delivery of a structural engineering report to be ordered by Lender at Borrower's expense and, if the Property is located in a seismic zone of 3 or 4, a seismic report including a probable maximum loss analysis;

(e)     the absence of any event or development occurring or any information being received with respect to the Property, Applicant, Borrower, Manager, any Key Principal or any of their respective principals, or any tenants at the Property, prior to the date on which the Loan closing occurs which could, in Lender's opinion, materially and adversely affect the management, the net operating income or value of the Property or the Loan or the ability of Borrower to make any payments that would be required under the Loan;

(f)     execution and delivery of the Loan Documents and any related settlement statement(s) and other closing documentation;

Page | 4

(g) delivery from Applicant's counsel of all legal opinions required by Lender;

(h) delivery of copies of all commercial leases;

(i) delivery of original tenant estoppels and subordination agreements acceptable to Lender from all commercial tenants and from any ground lessor;

(j) delivery of financial statements (including tax returns) from Applicant and each Key Principal or as otherwise requested by Lender for both the last concluded financial year and last concluded financial quarter preceding the date of this Application, which financial statements of Applicant shall be prepared and reviewed by an independent accounting firm acceptable to Lender;

(k) delivery of valid permanent certificates of occupancy and zoning confirmation letters or zoning reports from all applicable authorities with respect to all of the improvements constructed upon the Property;

(l) delivery of evidence of insurance as more specifically set forth in "Insurance" below;

(m) receipt of a policy of mortgagee title insurance and an updated certified survey, each in compliance with the terms and conditions listed on Exhibit A attached hereto;

(n) no material adverse change in market conditions having occurred after the date of this Application and prior to Closing;

(o) delivery of any other information requested by Lender and Lender's completion of due diligence and underwriting on Borrower, the Property and Key Principal; and

(p) satisfaction of any other closing conditions customary for loans similar to the Loan;

(q) confirmation of the cost to complete the proposed improvements (if applicable);

(r) No material misrepresentation by or on behalf of Borrower.

**Servicer:** To be appointed by Lender. The cost of such servicer (which cost shall not exceed 5 basis points) shall be paid by Borrower.

**Loan Sale Cooperation:** Lender reserves the right to transfer the Loan to a trust or other similar securitization vehicle in a public or private offering or otherwise effectuate a public or private sale of the Loan (any of the foregoing, a "Sale"). Borrower agrees to cooperate with Lender to effectuate a Sale by, without limitation,

AS4849_R1                                                             Applicant's Initials _____

making amendments and/or modifications to the Loan Documents and/or Borrower's organizational documents that do not have a material adverse effect on Borrower's rights and obligations thereunder including, without limitation, creating a mezzanine loan, severing Borrower's promissory note and creating one or more senior and/or subordinate notes (*i.e.*, an A/B or A/B/C structure), creating additional components of the Loan, reducing the number of components of the Loan, revising the interest rate of any components (provided that the weighted average of the interest rates on all such components does not exceed the Interest Rate), reallocating the principal balances of the components, or eliminating the component structure and/or the multiple note structure of the Loan (including the elimination of the related allocations of principal and interest payments).

**Assignment by Lender:**    Lender may assign the all or part of the Loan and any agreements pertaining thereto, including this Application, at any time and to any party in its sole discretion.

**Other Debt:**    None permitted.

**Reporting:**    Borrower will provide Lender with, among other things, quarterly certified rent rolls and quarterly and annual income statements and balance sheets (collectively, the "Financial Statements"); provided that until the Loan is included in a Sale, the Financial Statements shall also be provided monthly. The annual Financial Statements will be required to be prepared and reviewed by an independent accounting firm acceptable to Lender.

**Recourse Liability:**    The Loan will be fully recourse to Borrower; and Key Principals shall provide guarantee of standard non-recourse carveouts only, including a covenant to not contest Lender's enforcement of its right in the event of default.

**Assignment:**    None permitted.

**Insurance:**    The Property will be required to be covered by fire and casualty, machine and boiler, business interruption, terrorism, liability and any additional insurance as may be required, all in form and substance satisfactory to Lender.

**Brokers:**    Borrower shall (i) represent to Lender the identity of all brokers, finders or correspondents engaged by Borrower in connection with the Loan, (ii) pay any and all commissions and other similar fees owing in connection with the parties identified in (i) and (iii) indemnify and defend Lender from and against all costs and expenses incurred by Lender as a result of a breach of the foregoing or otherwise in connection with any claim for a brokerage commission or fee made against Lender with respect to the Loan.

**Confidentiality:**    This Application is being delivered with the understanding that neither it nor the substance thereof shall be disclosed by Borrower or any Key Principal or any of their respective affiliates to any third person, except those who are in confidential relationships to any of them (i.e., Borrower's counsel,

accountants and other retained business advisors) or as may be required by law.

**Special Conditions:** Borrower acknowledges that this is a commercial transaction not subject to any state's consumer protection laws. Borrower understands that Lender will not proceed without this representation.

**Choice of Forum:** Borrower and Guarantor(s) consent to the jurisdiction of any state or federal court sitting in the State of New York for adjudication of any dispute between the Borrower and Guarantor(s), their agents, servants and/or employees and Silver Arch Capital Partners under any theory of law in connection with, out of, or otherwise relating to this Loan Application and any related transactions and that venue shall be proper in any such court to the exclusion of the courts in any other state or country. The Borrower further agrees that such designated forum is proper and convenient. By executing this Loan Application, Borrower and Guarantor(s) authorize Silver Arch Capital Partners to obtain credit information on Borrower and Guarantor.

Applicant's Initials _____



Origination • Servicing • Advisory Services

**EXHIBIT A**

## TITLE AND SURVEY REQUIREMENTS

I.    TITLE REQUIREMENTS:

A title insurance policy with a liability limit not less than the final Loan Amount, insuring the Mortgage as a first lien on the title to the Property and issued by a nationally recognized title insurance company acceptable to Lender. The title insurance policy shall be subject only to such exceptions as shall be approved by, and shall contain such endorsements as may be required by, Lender.

II.   SURVEY REQUIREMENTS:

A current title survey of the Property by a licensed or registered land surveyor acceptable to Lender, certified to Lender, its successors and/or assigns and the appropriate title insurance company, which survey and certification shall be in form, scope and substance acceptable to Lender. The title survey shall be prepared in accordance with the Minimum Standard Detail Requirements and Classifications for ALTA/ACSM Land Title Surveys, as adopted in 2011.

AS4849_R1                                                        Applicant's Initials _____

## EXHIBIT B

## GOOD FAITH DEPOSIT DELIVERY INSTRUCTIONS

### IF BY WIRE:

Contact: Tony Petruccello, Silver Arch Capital Partners, LLC
Email: tonypetruccello@silverarchcp.com
Phone: 201-254-2558

Applicant's Initials _____

## EXHIBIT C

### CERTIFICATION OF PRINCIPAL LITIGATION

Complete a separate sheet for each general partner, managing member, control party, guarantor, member, limited partner, or shareholder owning equal to or more than **10%**, significant shareholder and corporate officer (each, a "Significant Principal"). All questions should be answered for all entities in which each Significant Principal has had an ownership interest.

| | YES | NO |
|---|---|---|
| 1. Have you ever been declared bankrupt or filed a petition or action under any bankruptcy or insolvency laws or had a judgment against you? If yes, please attach a detailed explanation. | | |
| 2. Have you ever had a judgment against you? If yes, please attach a detailed explanation. | | |
| 3. Have you ever been a principal, partner, shareholder, or member with any direct or indirect ownership interests in an entity that has declared bankruptcy or filed a petition or action under any bankruptcy or insolvency laws? If yes, please attach a detailed explanation. | | |
| 4. Have you ever been a guarantor of an entity that has declared bankruptcy? If yes, please attach a detailed explanation. | | |
| 5. Have you ever has any claim made against you under a guaranty? If yes, please attach a detailed explanation. | | |
| 6. Have you ever had property foreclosed upon or given title or deed in lieu thereof? If yes, please attach a detailed explanation. | | |
| 7. Have you ever been a principal, partner, shareholder, or member of an entity that had a property foreclosed upon or given title or deed in lieu thereof? If yes, please attach a detailed explanation. | | |
| 8. Have you ever had repossession? If yes, please attach a detailed explanation. | | |
| 9. Have you ever requested or received modification of the terms of any existing mortgage or any other loan? If yes, please attach a detailed explanation. | | |
| 10. Have you ever been a principal, partner, shareholder, or member of an entity that requested or received modification of the terms of any existing mortgage or any other loan? If yes, please attach a detailed explanation. | | |
| 11. Have you ever been in default on or received forbearance on any existing mortgage or any other loan? If yes, please attach a detailed explanation. | | |
| 12. Have you ever been a principal, partner, shareholder, or member of an entity that has ever been in default on or received forbearance on any existing mortgage or any other loan? If yes, please attach a detailed explanation. | | |
| 13. Have you ever been arrested or convicted of or plead guilty or no contest to a felony or a misdemeanor or are you presently the subject of an arrest, complaint or indictment charging a felony or a misdemeanor? If yes, please attach a detailed explanation. | | |
| 14. Are you a co-maker, guarantor, or endorser on a note? | | |

Applicant's Initials _____

| | | |
|---|---|---|
| 15. Are you or have you ever been a party to any claim or lawsuit? | | |
| 16. Are any of your assets pledged as collateral? | | |
| 17. Do you owe any taxes for the years prior to the current year? | | |
| 18. Have you been the subject of an IRS audit in the past three years? | | |
| 19. Are you a U.S. citizen? | | |
| 20. Are you a resident alien? | | |
| 21. Have you ever obtained credit under any other name or have been known by any other name in the last 10 years? If yes, list other names or aliases: _____ | | |

The information contained in this certificate and any explanation(s) attached hereto is true, accurate, and complete.

McKinney Capital and Advisory

By: _____
   Name:
   Title:

# Exhibit D


## 1 Complaints

Show All Complaints ⌄ Sort By Most Recent ⌄

**Complaint Type:** Problems with Product/Service    **Status:** Answered 



05/08/2017



Silver Arch took $ 80,000 of my money to refinance an existing loan. After 4 months, at the very last minute they decided not to help refinance my loan. They did not indicate until after they were wired an initial $ 50,000 and later an additional $ 30,000 'good faith' deposit. After 4 months of encouraging procedures on behalf of Silver Arch representative, they inform me that they will not sign a contract to refinance. In addition, they refused to refund all of my deposit instead offering me just $ 25,000 back if I signed a gag contract. I feel they are dishonest and their encouragement in proceeding with approval of the loan over 4 months, and the taking of my money while never expressing that I would be refused is criminal. I am disabled and cannot work. I was trying to refinance a business property before I lost it. $ 80,000 is a tremendous amount of money for me and I had to take it from my Retirement plan which incurred federal penalties for early disbursement. Despite my...

Silver Arch Capital Funding headquartered in New Jersy is under the Kennedy umbrella. Ripped off to the tune of 79,000 of 'due dilligence' with a sudden drop of my 'assured' bridge loan. Was told I could get 25,000 back if I signed a Hold harmless agreement. I declined and was fortunate enough to find another broker who found me a Real lender for my needs. I had to "RE-Purchace" my appraisals and surveys as Silver Arch never paid the companies despite the fact that I sent Silver Arch the funds for the work at the time. So the appraisers and surveyors did the work and I paid Silver Arch but.... they were not paid from my due diligence funds paid to Silver Arch. I paid twice. The whole scam that Kennedy/Silver Arch/ Matt Cole and scam attorney Jeff Wolfer are running is horrible. To call it a scam is misleading and too kind, This is racketeering fraud on a cooperate financial level. I am suing for my money back.... All of it plus Pain and Suffering. Companies such as Silver Arch and Kennedy who prey on the most desperate of American businesses much be exposed as should their minions Jeff Wolfer and Matt Cole. Voices in scammed unity will be heard if we all try. If not for us than for the Greater Good.

Michele Mittelbronn
mittelbronn160@gmail.com

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

PLAINTIFF(S): McKinney Capital and Advisory Group LLC

DEFENDANT(S): Silver Arch Capital Partners LLC

SHORT TITLE: MCKINNEY CAPITAL & ADVISORY LLC VS SILVER ARCH CAPITAL PARTNERS LLC [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2019-00052881-CU-FR-CTL |
|---|---|

Judge: Kenneth J Medel                                              Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                         _____

Name of Plaintiff                                Name of Defendant

_____                         _____

Signature                                        Signature

_____                         _____

Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                         _____

Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 10/07/2019                                _____
                                                 JUDGE OF THE SUPERIOR COURT



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2019-00052881-CU-FR-CTL     CASE TITLE: McKinney Capital & Advisory LLC vs Silver Arch Capital Part

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7066 |

PLAINTIFF(S) / PETITIONER(S):    McKinney Capital and Advisory Group LLC

DEFENDANT(S) / RESPONDENT(S):  Silver Arch Capital Partners LLC

MCKINNEY CAPITAL & ADVISORY LLC VS SILVER ARCH CAPITAL PARTNERS LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2019-00052881-CU-FR-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Kenneth J Medel                                       Department: C-66

## COMPLAINT/PETITION FILED: 10/04/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/10/2020 | 08:30 am | C-66 | Kenneth J Medel |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

   **This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

   **This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

   On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

   You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

   It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

   On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>  Craig W. DuFord<br>  DuFord Law, LLP<br>  3611 5th Ave<br>  92103 CA 92103<br>    TELEPHONE NO.: 619-546-4291    FAX NO. *(Optional):* 619-354-2449<br>  E-MAIL ADDRESS *(Optional):* craig@dufordlaw.com<br>  ATTORNEY FOR *(Name):* McKinney Capital and Advisory Group, LLC | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**12/10/2019** at 04:24:00 PM<br><br>Clerk of the Superior Court<br>By E- Filing, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego<br>    STREET ADDRESS:  330 W Broadway<br>    MAILING ADDRESS:  330 W Broadway<br>    CITY AND ZIP CODE:  San Diego 92101<br>    BRANCH NAME:  Central Division | |
| PLAINTIFF/PETITIONER: McKinney Capital and Advisory Group, LLC<br><br>DEFENDANT/RESPONDENT: Silver Arch Capital Partners, LLC | CASE NUMBER:<br>37-2019-00052881-CU-FR-CTL |
| Amended<br>**PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      Matt Cole, Vice President of Silver Arch Capital

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   411 Hackensack Ave Suite 803, Hackensack, NJ 07601
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 10/21/2019    (2) at *(time):* 4:50PM
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]    Amended  **PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure, § 417.10

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                            (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
| --- | --- |
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Anthony Iavarone
  b. Address: 400 Tenafly Rd #70, Tenafly, NJ 07670
  c. Telephone number: (201) 751-1771
  d. **The fee** for service was: $ 65
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 10/21/2019

Anthony Iavarone             ▶ _(signature)_
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE )

1   WRIGHT, L'ESTRANGE & ERGASTOLO
      Joseph T. Ergastolo (SBN 137807)
2     jte@wlelaw.com
      Davin H. Kono (SBN 312382)
3     dkono@wlelaw.com
      402 West Broadway, Suite 1800
4   San Diego, California 92101
    (619) 231-4844
5   (619) 231-6710 (Facsimile)

6   *Attorneys for Defendant*
    *Silver Arch Capital Partners LLC*

7

8

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**11/20/2019** at 10:09:00 AM

Clerk of the Superior Court
By Megan Dietenhofer, Deputy Clerk

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10        **FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT**

| | |
|---|---|
| 11  MCKINNEY CAPITAL & ADVISORY, LLC, a California limited liability company, | Case No.: 37-2019-00052881-CU-FR-CTL |
| 12                    Plaintiff, | **NOTICE OF FILING OF REMOVAL** |
| 13          v. | |
| 14  SILVER ARCH CAPITAL PARTNERS, LLC, a New Jersey limited liability company; and DOES 1 through 50, inclusive, | |
| 15 | |
| 16                    Defendants. | Judge:   The Honorable Kenneth J. Medel |
| 17 | Dept:    C-66 |

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF FILING OF REMOVAL

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR

2  ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that on November 20, 2019, Defendant Silver Arch Capital Partners

4  LLC filed a Notice of Removal, pursuant to 28 U.S.C. § 1441 *et seq.*, in the above-captioned action

5  removing this action to the United States District Court for the Southern District of California.

6    PLEASE TAKE FURTHER NOTICE that Defendant, upon filing the Notice of Removal in the

7  office of the Clerk of the United States District Court for the Southern District of California, also filed

8  copies thereof with the Clerk of the Superior Court of the State of California, County of San Diego, to

9  effect removal pursuant to 28 U.S.C. § 1446.

10    A copy of the Notice of Removal is annexed hereto.

11

12  Date: November 20, 2019        WRIGHT, L'ESTRANGE & ERGASTOLO

13                        *Attorneys for Defendant*

14                        *Silver Arch Capital Partners LLC*

15                        By: _____

16                           Joseph T. Ergastolo

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

WRIGHT, L'ESTRANGE & ERGASTOLO
  Joseph T. Ergastolo (SBN 137807)
  jte@wlelaw.com
  Davin H. Kono (SBN 312382)
  dkono@wlelaw.com
402 West Broadway, Suite 1800
San Diego, California 92101
(619) 231-4844
(619) 231-6710 (Facsimile)

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MCKINNEY CAPITAL & ADVISORY GROUP, LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>   v.<br><br>SILVER ARCH CAPITAL PARTNERS LLC, a New Jersey limited liability company; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 *et seq.*, Defendant Silver Arch Capital Partners LLC ("Silver Arch" or "Defendant"), by and through its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California for the County of San Diego, Central Division, where it is currently pending as Case No. 37-2019-00052881-CU-FR-CTL, to the United States District Court for the Southern District of California, and in support thereof, respectfully states as follows:

**GROUNDS FOR REMOVAL**

1. Plaintiff McKinney Capital and Advisory Group LLC ("McKinney Capital" or "Plaintiff") commenced this action in the Superior Court of California, County of San Diego, Central Division, Case No. 37-2019-00052881, on or about October 4, 2019. A true copy of the Complaint is attached hereto as Exhibit A.

2. As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A. The Amount-In-Controversy Requirement Is Satisfied.**

3. The amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs, satisfying the amount in controversy requirements of 28 U.S.C. § 1332(a). The Complaint alleges that Plaintiff "has suffered damages in an amount that exceeds $75,000.00." Ex. A [Compl. at ¶ 80]. Because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

**B. Complete Diversity Exists Between Plaintiff And Defendant.**

4. At the time this lawsuit was filed and as of the date of this notice, Defendant Silver Arch was and is a New Jersey limited liability company with its principal place of

business in Hackensack, New Jersey. None of the members of Defendant are citizens of the State of California.

5. At the time of the filing of this action, Plaintiff McKinney Capital, alleged that it is a California limited liability company with its principal place of business in San Diego, California. Ex. A [Compl. at ¶ 1]. Upon information and belief, none of the members of Plaintiff are citizens of the State of New Jersey.

6. The Complaint also names Defendants "DOE 1 through DOE 50." Ex. A [Compl. at ¶ 3]. For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

7. Because no plaintiff shares a state of citizenship with any defendant, the diversity requirement of 28 U.S.C. § 1332 is satisfied.

## THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

8. This removal notice is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days after Defendant's receipt, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which the action or proceeding is based. Plaintiff effected service upon Defendant on October 21, 2019, by delivering a copy of the Complaint and Summons to Defendant's offices in Hackensack, New Jersey, and Defendant files this notice within thirty days after receipt thereof.

9. This action is properly removed to the United States District Court for the Southern District of California, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); see also 28 U.S.C. § 84(d) (listing the counties within the Southern District of California).

10. Defendant has complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, or orders on file

in the state court or served on Defendant in the state court are attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve a notice of filing of removal, with a copy of this Notice of Removal attached thereto, on counsel for Plaintiff and will file a notice of filing of removal, with a copy of this Notice of Removal attached thereto, with the Clerk of the Superior Court of California, County of San Diego, Central Division, Case No. 37-2019-00052881-CU-FR-CTL.  Copies of the Notice (without Exhibit A) and the certificate of service of the Notice to Plaintiff and the Superior Court of the State of California, County of San Diego are attached hereto as Exhibit B.

Date:  November 20, 2019                WRIGHT, L'ESTRANGE & ERGASTOLO

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*

By:  */s/ Joseph T. Ergastolo*
         Joseph T. Ergastolo

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
McKinney Capital and Advisory Group LLC

**DEFENDANTS**
Silver Arch Capital Partners LLC

**(b)** County of Residence of First Listed Plaintiff    San Diego, California
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Hackensack, New Jersey
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DUFORD LAW, LLP
Craig W. Duford (SBN 305823); Julia S. Zold (SBN 324847)
3611 Fifth Ave., San Diego, CA 92103 (619) 546-4291

Attorneys *(If Known)*
WRIGHT, L'ESTRANGE & ERGASTOLO
Joseph T. Ergastolo (SBN 137807); Davin H. Kono (SBN 312382)
402 W. Broadway, Suite 1800, San Diego, CA 92101 (619) 234-4844

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ |
| ☒ 160 Stockholders' Suits | ☐ 360 Other Personal | Property Damage | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Injury | ☐ 385 Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(d)
Brief description of cause:
Diversity suit for breach of contract, fraud, negligent misrep., breach of implied covenant good faith & fair dealing

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE      DOCKET NUMBER

DATE
11/20/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joseph T. Ergastolo

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SILVER ARCH CAPITAL PARTNERS, LLC., a New Jersey limited liability company; and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MCKINNEY CAPITAL & ADVISORY, LLC., a California limited liability company.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/04/2019** at 09:48:14 PM

Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of San Diego County<br>330 W. Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* 37-2019-00052881-CU-FR-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Craig DuFord, DuFord Law, LLP, 3611 Fifth Avenue, San Diego, CA 92103; Ph. 619-546-4291.

| DATE: 10/07/2019<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | J. Walters<br>J. Waters | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Silver Arch Capital Partners, LLC

    under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Craig DuFord, SBN 305823/ Julia Zold SBN 324847
Duford Law, LLP
3611 Fifth Avenue
San Diego, CA 92103
 TELEPHONE NO.: (619) 546-4291   FAX NO.: (619) 354-2449
ATTORNEY FOR *(Name):* McKinney Capital and Advisory Group, LLC

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/04/2019** at 09:48:14 PM

Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
 STREET ADDRESS: 330 W Broadway
 MAILING ADDRESS: 330 W Broadway
 CITY AND ZIP CODE: San Diego, 92103
 BRANCH NAME: Central Division

CASE NAME:
McKinney Capital and Advisory Group, LLC v. Silver Arch Capital Partners, LLC

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 37-2019-00052881-CU-FR-CTL |
|---|---|---|
| ☑ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Kenneth J Medel DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☑ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. ☐ Large number of separately represented parties
 b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. ☐ Substantial amount of documentary evidence
 d. ☐ Large number of witnesses
 e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/04/19
Julia Zold
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1  CRAIG W. DUFORD, State Bar No. 305823
   *craig@dufordlaw.com*
2  JULIA S. ZOLD , State Bar No. 324847
   *julia@dufordlaw.com*
3  DUFORD LAW, LLP
4  3611 Fifth Ave
   San Diego, CA 92103
5  Ph:   (619) 546-4291
6  Fax: (619) 354-2449
   Attorneys for Plaintiff
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/04/2019** at 09:48:14 PM

Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10

| MCKINNEY CAPITAL & ADVISORY, LLC., a California limited liability company, | Case No.: 37-2019-00052881-CU-FR-CTL |
|---|---|

11

12

13              Plaintiff,

14  vs.

15  SILVER ARCH CAPITAL
16  PARTNERS, LLC., a New Jersey
    limited liability company; and DOES
17  1-50, inclusive,

18              Defendants.

**COMPLAINT FOR**

1.  **ACTUAL FRAUD AND DECEIT BASED ON INTENTIONAL MISREPRESENTATION;**
2.  **NEGLIGENT MISREPRESENTATION;**
3.  **BREACH OF WRITTEN CONTRACT; AND**
4.  **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

19

**DEMAND FOR JURY TRIAL**

20

21      Plaintiff alleges:

22      1.      Plaintiff, MCKINNEY CAPITAL & ADVISORY, LLC., ("PLAINTIFF"), is a

23  California limited liability company and is now, and at all times mentioned in this Complaint,

24  had a principal place of business in San Diego County, California.

25      2.      Defendants, SILVER ARCH CAPITAL PARTNERS, LLC., ("SILVERARCH")

26  is a New Jersey limited liability company and is now, and at all times mentioned in this Complaint,

27  doing business in the state of California.

28

---

**COMPLAINT FOR DAMAGES**

1

3.     DOE 1 through DOE 50, inclusive, are fictitious names of defendants sued herein under the provisions of Code Civ. Proc., § 474. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such defendants.

4.     Plaintiff is informed and believes and thereon alleges, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, or joint venture of the remaining Defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10

6.     Venue is proper because the facts and circumstances giving rise to the allegations in this Complaint occurred in San Diego County.

7.     The allegations of this Complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## FACTUAL BACKGROUND

8.     The PLAINTIFF reached out to SILVERARCH to refinance a loan on the real property located at 414 Lesser Street, Oakland, CA 94601 ("LESSER STREET").

9.     On or around, March 1, 2019, SILVERARCH provided the PLAINTIFF with a Term Sheet. (Exhibit A.)

10.     The Term Sheet included material terms of the refinancing loan.

11.     On or around March 6, 2019, the PLAINTIFF, signed the Term Sheet and wired SILVERARCH $40,000.00, thereby agreeing to the material terms of the loan as described in the Term Sheet.

**COMPLAINT FOR DAMAGES**

2

12. Specifically, the Term Sheet was for a $6,000,000.00 interest-only loan for a term of two years, with a closing date of April 4, 2019.

13. The Term Sheet, required the PLAINTIFF to make a "Due Diligence Deposit in the amount of $40,000.00." The $40,000.00 was to be returned to the PLAINTIFF in the event the Lender, SILVERARCH, fails to perform its obligations as described in the Term Sheet.

14. The Disclosure section of the Term Sheet states that "[t]his Term Sheet shall be non-binding with the exception of the Break-up Fee, indemnification against expenses, and Due Diligence charges above."

15. Consequently, the Term Sheet's clauses concerning the Break-up Fee, indemnification against expenses, and Due Diligence charges became binding on the Parties when they signed the sheet. Further, the Commitment Letter made the entire Term Sheet binding on the parties as the commitment was "based on the term's conditions, and requirements of the Term Sheet."

16. On March 26, 2019, SILVERARCH provided a commitment letter to PLAINTIFF stating that SILVERARCH would provide a loan in the amount of $6,000,000 based on the terms and conditions included in the Term Sheet dated March 1, 2019. (Exhibit B.)

17. PLAINTIFF acknowledged the Commitment Letter on or about March 26, 2019, and returned it to SILVERARCH, thereby making the terms listed in the Term Sheet binding on the parties.

18. PLAINTIFF relied on the terms provided by SILVERARCH in the Term Sheet when they signed the Commitment Letter.

19. On or around March 27, 2019, SILVERARCH sent the PLAINTIFF a document which they stated was the Loan Application regarding the LESSER STREET refinancing loan. (Exhibit C.)

20. The Loan Application sent to the PLAINTIFF was not addressed to any of their employees and contained different and additional material terms that were not included in the Term Sheet.

21. The Loan Application included stringent, non-market, cash management provisions that were neither included in the Term Sheet, nor mentioned by SILVERARCH in any communications between them and the PLAINTIFF occurring before to March 26, 2019.

22. The Loan application moved the closing date from April 4, 2019, which was listed under the Term Sheet, to April 20, 2019.

23. Further, the Term Sheet provided that "Borrower agrees to pay Lender a Break-up fee of ½ % of the Loan amount," where the Loan Application provided a Break-up Fee of "1% of the Loan Amount" (Exhibit A & C.)

24. A Break-up Fee of "½ %" of the $6,000,000.00 loan amount equates to $30,000.00.

25. Conversely, a Break-up Fee of "1 %" of the $6,000,000.00 loan amount equates to $60,000.00.

26. The $30,000.00 increase in the Break-up Fee constitutes a material change to the Term Sheet that was signed by the Plaintiff.

27. SILVERARCH also added a fee for servicer cost to the Loan Application.(Exhibit C.)

28. The signed Term Sheet did not contain any section mentioning the servicer fee that the Plaintiff would be obligated to pay.

29. The servicer cost included in the Loan Application is material to the PLAINTIFF as they are required to pay them in an amount not to exceed five basis points, equal to $30,000.00.

30. The changes made to the Loan Application, described above, are material in that the PLAINTIFF would not have signed the Term Sheet or Loan Commitment had they been disclosed to the PLAINTIFF before signing.

31. Thus, any changes made by SILVERARCH as to those terms agreed upon in the Term Sheet and Commitment Letter constitute a failure of SILVERARCH to meet their duties and obligations.

32. On or around April 2, 2019, SILVERARCH informed PLAINTIFF that they would not be able to remove the materially different and additional terms from the Loan Application.

33. SILVERARCH's refusal to remove the different and additional material terms constitutes a breach of the Term Sheet dated March 1, 2019, as well as a breach of the Commitment Letter.

34. After SILVERARCH's breach of the Term Sheet and Commitment Letter, PLAINTIFF refused to sign the Loan Application and requested that their Due Diligence Fee of $40,000.00 be returned to them as described under the Due Diligence section of the Term Sheet.

35. The Loan Offer section of the Term Sheet states, "[i]n the event Lender provides a Loan Offer consistent with the terms and conditions herein. The Due Diligence Deposit is non-refundable." (Exhibit A.)

36. The return of the Due Diligence deposit to the PLAINTIFF is a binding term of both the Commitment Letter and Term Sheet under the Disclosure section.

37. As a binding term, the Parties are obligated to perform the acts described in the Term Sheet.

38. Any binding term that either party fails to fulfill constitutes a breach of contract and failure of the party to perform their obligations under the agreement.

39. Accordingly, the Defendant must refund the $40,000.00 Due Diligence Deposit to the Plaintiff under the Term Sheet because of the different and additional terms contained in the Loan Offer.

40. PLAINTIFF has made multiple demands to SILVERARCH for the return of the Due Diligence Deposit to no avail.

41. As a result of SILVERARCH's refusal to refund the Due Diligence Deposit, the PLAINTIFF has suffered damages.

42. Even more seriously, PLAINTIFF has incurred expenses in obtaining an alternate loan with less favorable terms.

43. Due to SILVERARCH's breach of the Term Sheet and Commitment Letter, PLAINTIFF was required to pay at least an additional $60,000.00 under a loan for two years with a one-year option. The loan described in the Term Sheet was for a two-year loan with a one-year option.

44. Silver Arch has used the same aforementioned scheme against other victims in the past, evidencing a pattern and practice of their unlawful and fraudulent conduct. (Exhibit D.)

///

///

///

///

**COMPLAINT FOR DAMAGES**

5

# FIRST CAUSE OF ACTION

## Actual Fraud and Deceit Based on Intentional Misrepresentation

[Civ. Code §§ 1572(1), 1709, 1710(1) and Common Law]

45.    PLAINTIFF hereby repeats, re-alleges, and incorporates by reference all of the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

46.    On or about March 26, 2019, SILVERARCH, acting intentionally and/or recklessly, made false representations to PLAINTIFF that were material in PLAINTIFF's decision to sign the Term Sheet for the loan on the property located at 414 Lesser St.

47.    SILVERARCH intentionally falsely represented to PLAINTIFF that the terms described in the Term Sheet would be binding on the Parties when they sent the Loan Commitment to the PLAINTIFF, which the PLAINTIFF signed and returned.

48.    SILVERARCH knew that the representation made in the Term Sheet were false at the time they sent the Commitment Letter to the PLAINTIFF.

49.    SILVERARCH has made a pattern and practice of the unlawful conduct committed against the PLAINTIFF and has committed the same unlawful acts against others. (Exhibit D.)

50.    PLAINTIFF was unaware that SILVERARCH's representations were false and justifiably relied on them when signing the Commitment Letter.

51.    As a result, PLAINTIFF was damaged in that SILVERARCH refused to refund the Due Diligence Fee paid to them by the PLAINTIFF as required under the terms of the Term Sheet, made binding by the Commitment Letter.

52.    PLAINTIFF has incurred damages in an amount no less than $75,000.00, as well as attorney fees and expenses in taking action to obtain remedies for SILVERARCH's false representations.

53.    SILVERARCH acted willfully and knowingly in its actions and representations, and its conduct was oppressive and malicious for the purpose of wrongfully protecting itself and damaging PLAINTIFF.

54.    PLAINTIFF is entitled to punitive damages.

///

## SECOND CAUSE OF ACTION

### Negligent Misrepresentation

[Civil Code §§1572(2), 1709, 1710(2) and Common Law]

55.   PLAINTIFF hereby repeats, re-alleges, and incorporates by reference all of the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

56.   SILVERARCH made representations to PLAINTIFF in connection with the Term Sheet and Commitment Letter entered into by the parties.

57.   SILVERARCH owed a duty to the PLAINTIFF through their business and contractual relationship.

58.   SILVERARCH's representations and omissions were not warranted by the facts known to SILVERARCH, which included that SILVERARCH never intended to provide the terms that were described in the Term Sheet and Relied upon by the PLAINTIFF in continuing the loan transaction to refinance the property at LESSER STREET.

59.   SILVERARCH was unaware of the true status of SILVERARCH's ability to perform pursuant to the agreement and intention to materially change the terms of the loan in the Loan Application sent by them to the PLAINTIFF.

60.   SILVERARCH has made a pattern and practice of the unlawful conduct committed against the PLAINTIFF and has committed the same unlawful acts against others.

61.   PLAINTIFF was damaged in that they were exposed to hardships due to SILVERARCH's failure to perform under the terms described in the Term Sheet that was made binding on the Parties through the Commitment Letter.

62.   SILVERARCH's conduct is the actual and proximate cause of the harm the Plaintiff has and continues to suffer.

63.   SILVERARCH has incurred damages in an amount not less than $75,000.00, as well as attorney fees and expenses in taking action to obtain remedies for SILVERARCH's false representations.

///

///

///

///

# THIRD CAUSE OF ACTION

## Breach of Written Contract

### [Common Law]

64.     PLAINTIFF hereby repeats, re-alleges, and incorporates by reference all of the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

65.     To recover damages for breach of contract, a PLAINTIFF must prove all of the following: (1) that the parties formed a contract; (2) that PLAINTIFF did all, or substantially all, of the significant things that the contract required him to do or was otherwise excused; (3) that all conditions required by the contract for the SILVERARCH'S performance occurred or were excused; and (4) that SILVERARCH did something or failed to do something that violates the contract. (*See* CACI No. 303.)

66.     PLAINTIFF and SILVERARCH entered into a contract under the Term Sheet and Loan Commitment signed by the Parties.

67.     The agreement was in writing and provided that SILVERARCH would provide a loan to the PLAINTIFF under the terms described in the Term Sheet.

68.     PLAINTIFF has completed her obligations under the agreement with SILVERARCH, by paying the required Due Diligence Fee described in the Term Sheet, as well as following all other provision thereunder.

69.     PLAINTIFF had, at all times, been ready, willing and able to perform all of the conditions of the agreement.

70.     SILVERARCH failed to perform the duties and obligations as described under the Term Sheet and Loan Commitment.

71.     SILVERARCH has made a pattern and practice of the unlawful conduct committed against the PLAINTIFF and has committed the same unlawful acts against others.

72.     PLAINTIFF suffered damages that were actually and proximately caused by SILVERARCH's breach of contract, as described in this Complaint, in an amount no less than $75,000.00, all paragraphs of which are incorporated here to the extent pertinent as if set forth here in full.

73. As a direct and proximate result of SILVERARCH's conduct, PLAINTIFF incurred damages, as well as attorney fees and expenses in taking action to obtain remedies for SILVERARCH's false representations.

## FOURTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

#### [Common Law]

74. PLAINTIFF hereby repeats, re-alleges, and incorporates by reference all of the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

75. Every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

76. SILVERARCH breached the covenant of good faith and fair dealing by acting to injure the PLAINTIFF when they add materially different and additional terms to the Loan Application than defined in the Term Sheet.

77. SILVERARCH's breach was wrongful, in bad faith, and unfair, and therefore in violation of SILVERARCHS legal duties.

78. PLAINTIFF further alleges that SILVERARCH breached the covenant of good faith and fair dealing when they omitted pertinent information regarding the agreement.

79. SILVERARCH's breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to PLAINTIFF.

80. As a direct and proximate result of SILVERARCH's unlawful conduct herein alleged, PLAINTIFF has suffered damages in an amount that exceeds $75,000.00.

81. SILVERARCH has made a pattern and practice of the unlawful conduct committed against the PLAINTIFF and has committed the same unlawful acts against others.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays for relief and judgment against the Defendants as follows:

1. That the court award PLAINTIFF general damages;

2. That the court award PLAINTIFF punitive;

3. That the court award PLAINTIFF consequential damages;

**COMPLAINT FOR DAMAGES**

4. Reasonable attorney's fees according to proof;

5. For costs of suit incurred herein; and

6. For such other and further relief as this Court deems just and proper.

Dated: October 3, 2019        Respectfully submitted:

DUFORD LAW, LLP

By:_____

CRAIG W. DUFORD
JULIA S. ZOLD
Attorneys for Plaintiff MCKINNEY CAPITAL
& ADVISORY, LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all claims so triable.


Dated: October 3, 2019                     Respectfully submitted:

                                           DUFORD LAW, LLP

                                           By: _____

                                           CRAIG W. DUFORD
                                           JULIA S. ZOLD
                                           Attorneys for Plaintiff MCKINNEY CAPITAL
                                           & ADVISORY, LLC

# Exhibit A



Origination • Servicing • Advisory Services

March 1, 2019

Damian McKinney
McKinney Capital and Advisory

Via Email:     c/o: Chris Ly; Cly@mckinneycapital.com          Bruce H. Block; blockb@jmb.com

Dear Mr. McKinney:

Based on Silver Arch Capital Partner's ("Lender") preliminary evaluation of your loan request, Lender will initiate due diligence for a loan to McKinney Capital and Advisory ("Borrower") in the principal amount of Six Million Dollars ($6,000,000) based on the terms of this Term Sheet. The general terms and conditions for the closing of any loan are as follows:

**This Term Sheet will expire on March 1, 2019, time being of the essence, if not executed prior thereto.**

| | |
|---|---|
| **Borrower:** | McKinney Capital and Advisory, a special purpose bankruptcy remote entity. |
| **Guarantor:** | Damian McKinney, and any other non-passive entities or individuals having a 10% or greater interest in the borrower, shall provide guarantee of standard non-recourse carveouts only, including a covenant to not contest Lender's enforcement of its right in the event of default. |
| **Requested Total Loan Amount:** | $6,000,000 |
| **Loan Purpose/Use Of Proceeds:** | Refinance, pay leasing commissions, and construction overages |
| **Collateral:** | The real property and improvements thereon located at 414-420 Lesser Street, Oakland, CA more particularly described on Schedule "A" attached hereto (the "Property"). The Loan shall be evidenced by a full set of loan documents including a Loan Agreement, Note and first mortgage or deed of trust covering the Property unless otherwise agreed to, each mortgage or deed of trust shall grant Lender a first priority security interest in the Property and related furniture, fixtures and equipment and all escrow and reserve accounts and a first priority assignment of leases, rents, profits, accounts receivable, other revenues, permits, licenses and contracts with respect to the Property, and assignment of the ownership interests in the borrowing entity. |
| **Loan Term:** | 2 year(s), Interest Only. |
| **Extension Option(s):** | Two 6 month extensions, upon payment of 1/2% of the loan amount per extension and provided the loan is not in default. |

**Origination Fee:** Two Percent (2%) of the loan amount.

**Interest Rate:** The interest rate for the term of the Loan shall be (i) Nine and One Half percent Percent (9.5%)

**Prepaid Interest:** TBD

**LTV Ratio:** Fifty-five Percent (55%)

**Projected Closing Date:** 4/4/2019

**Minimum Interest:** The Loan may be prepaid at any time upon payment of interest on the loan through the 9th month of the Term.

**Brokerage:** Any fees, commissions, etc. due and owing to any broker related to this transaction shall be the responsibility of Borrower and shall be paid by Borrower at or prior to closing of the Loan pursuant to the corresponding agreement.

**Due Diligence:** This Term Sheet and all of its terms and conditions will become effective only upon delivery to this office of a signed copy of this Term Sheet accompanied with a Due Diligence Deposit in the amount of Forty Thousand Dollars ($40,000.00), Lender will then provide a Due Diligence checklist. The Due Diligence Deposit will be utilized for Lender's site inspection, appraisal, underwriting, and evaluation procedures. The unused portion of the Due Diligence deposit would be credited toward the Origination Fee at closing. In the event Lender does not perform its obligations hereunder, the Due Diligence Deposit would be refunded to Borrower.

**Expenses:** Borrower agrees to indemnify, defend, and hold harmless Lender against any and all actual and reasonable expenses incurred with this transaction, including but not limited to legal fees.

**Loan Offer:** Lender will underwrite the market value of the proposed collateral utilizing a national appraisal firm. Lender will then present Borrower with a Loan Offer indicating the amount Lender is willing to lend based on the value of proposed Collateral and the terms herein.

In the event Lender provides a Loan Offer consistent with terms and conditions herein, the Due Diligence Deposit is non-refundable.

Upon acceptance of the Loan Offer a Loan Application will be executed by Borrower, upon which an additional 1/2% of the loan amount would be due and payable; the unused portion of such amount to be fully credited toward the Origination Fee at closing, or in the event Borrower elects not to close, would be credited toward the breakup fee hereunder. Upon

Page 2 of 5

Applicant's Initials

engagement of counsel, a closing checklist, detailing all items, documents and deliveries necessary to close the Loan will be provided.

The Loan closing shall be subject to full loan documentation and subject to complete and acceptable due diligence including, but not be limited to the following:

- Title Insurance
- Alta Survey
- Insurance (Hazard, Liability, Flood)
- Opinion letter of Borrower Counsel
- Engineering/Structural review
- Environmentals (Phase I / Phase II)
- Borrower's & Guarantor's financials (financials and the three most recent federal tax returns)

**Governing Law:** This Term Sheet and the other Loan Documents (except the mortgage or deed of trust which shall be governed by the law of the jurisdiction of the realty), shall be governed by and construed in accordance with the internal substantive laws of the State of New York, without regard to the choice of law principles of such state.

**Choice of Forum:** Borrower and Guarantor(s) consent to the jurisdiction of any state or federal court sitting in the State of New York for adjudication of any dispute between the Borrower and Guarantor(s), their agents, servants and/or employees and Silver Arch Capital Partners under any theory of law in connection with, out of, or otherwise relating to this Term Sheet and any related transactions and that venue shall be proper in any such court to the exclusion of the courts in any other state or country. The Borrower further agrees that such designated forum is proper and convenient. By executing this Term Sheet, Borrower and Guarantor(s) authorize Silver Arch Capital Partners to obtain credit information on Borrower and Guarantor.

**Miscellaneous:** Borrower acknowledges and represents that this is a commercial transaction not subject to any state's consumer protection laws. Borrower understands that Lender would not be proceeding with Borrower without this representation.

**Committee Approval:** The undertaking of the Lender to make the Loan is subject to, among other things, the approval of its loan/credit committee.

**Break-up Fee:** Borrower agrees to pay Lender a break-up fee of 1/2% of the Loan amount in the event Borrower accepts he Loan offer and fails to close the Loan with Lender due to no fault of Lender.

**Lenders Right to Assign:** In addition, the Borrower acknowledges and agrees that the Lender may sell, assign, hypothecate, pledge or otherwise transfer all or any portion of the Loan to a third party prior to, at or after the Loan closing.

**Disclaimer:** This Term Sheet is based upon preliminary information and loan request provided by Borrower. Lender has relied on all the information provided by Borrower as being true and correct in all respects. This Term Sheet shall be non-binding with the exception of the Break-up Fee, indemnification against expenses, and Due Diligence charges above. This

Page 3 of 5

Applicant's Initials

Term Sheet is not a loan Commitment. Final terms and conditions of any Loan will be subject to, among other things, Lender's due diligence, legal review including documentation, credit review procedures, and internal approvals, customary for a transaction of this nature in Lender's sole reasonable discretion. All due diligence and reports, including without limitation, title, engineering, environmental, and zoning must be acceptable to Lender and its counsel in all respects. Borrower agrees to indemnify and hold harmless the Lender and its officers, directors, employees, affiliates, advisors, agents and controlling persons from any and all losses, claims, damages and liabilities whether direct, indirect or consequential damages of any kind. This Term Sheet and its terms are submitted on a confidential basis and shall not be disclosed except to investors and advisors of Borrower who may be bound by such confidentiality arrangements. This Term Sheet and any subsequent documentation pertaining to any Loan shall be governed by the laws of the State of New York.

ACCEPTED AND AGREED
McKinney Capital and Advisory

BY: _Damian McKinney_    3/6/2019
     Damian McKinney      Date

Silver Arch Capital Partners, LLC

BY: _____    3|7|19
     Jonathan Weiner      Date
     Senior Director

Schedule "A"

414-420 Lesser Street, Oakland, CA

The total property is 61,500 Sq. Ft. and is 89% leased out to cannabis tenants.

TS4849_R5

Applicant's Initials

# Exhibit B



March 26, 2019

McKinney Capital and Advisory
414 Lesser St.
Oakland, CA
Attention: Damian McKinney

Via Email: c/o Mr. Chris Ly: Cly@mckinneycapital.com
Cc: Mr. Bruce Block: blockb@jmb.com

Dear Mr.McKinney :

As provided in the Term Sheet dated March 1, 2019 this shall confirm that the amount of the loan Silver Arch
Capital Partners is willing to make based on the valuation of the collateral is $6,000,000 based on the terms,
conditions, and requirements of the Term Sheet.

Please sign below acknowledging the above and return by March 29,2019.

Very Truly Yours;

Jeffrey Wolfer
President and CEO

ACCEPTED AND AGREED
McKinney Capital.

BY: Damian McKinney          Date 3/26/19

# Exhibit C



Origination • Servicing • Advisory Services

March 27, 2019

Silver Arch Capital Partners, LLC
411 Hackensack Avenue, Suite 803
Hackensack, NJ 07601

Attention: Jeffrey Wolfer

Re: Proposed $6,000,000 Financing on 414-420 Lesser St., Oakland, CA (the "Property")

Dear Mr. Wolfer:

The purpose of this letter is to set forth the terms and conditions intended to be submitted to the investment committee of Silver Arch Capital Partners, LLC (together with its affiliates and their respective successors and assigns hereinafter collectively being referred to as "Lender") in connection with the proposed loan (the "Loan") requested by the undersigned ("Applicant"). The terms and conditions of the Loan to be considered shall be those set forth in this letter and the term sheet attached hereto (collectively, this or the "Application").

Applicant will, contemporaneously with the execution of this Application, pay to Lender a good faith deposit of $30,000, (the "Good Faith Deposit"); to be applied by Lender to cover fees and expenses incurred by Lender in connection with this Application and/or the Loan (the "Expenses"). Applicant shall remit to Lender promptly upon demand any additional amounts required by Lender, which amounts shall be deemed a part of the Good Faith Deposit and absent which Lender may elect not to proceed with diligence and/or underwriting of the Loan. The Good Faith Deposit and any such additional amounts shall be delivered to Lender pursuant to the instructions set forth on Exhibit B hereto or as otherwise directed by Lender. Applicant agrees to indemnify, defend, and hold Lender harmless against any Expenses. Expenses will include, without limitation, external legal counsel; audit services; travel; background and credit checks; lease reviews and underwriting and due diligence costs including third party fees incurred for insurance, zoning, appraisal, environmental and structural engineering reviews and reports. The obligations in this paragraph will survive in the event this Application is terminated for any reason.

Applicant agrees to cooperate with Lender and its counsel, agents and representatives, and provide Lender and its counsel, agents and representatives with all requested information in order that Lender may conduct its due diligence investigation. Applicant acknowledges that Lender will be relying on information supplied by Applicant in evaluating this Application and Applicant agrees to provide any updates to information previously provided on a timely basis and to disclose all material information concerning Applicant, Borrower or any of its principals, the Property, or any of the tenants of the Property. Applicant further agrees that any reviews, decisions, approvals, or acceptance to be made by Lender under this Application may be made by Lender in its sole and absolute discretion.

Applicant hereby acknowledges and represents that it is working solely with Lender to procure financing for the Property. If Applicant fails to close with Lender or has made any material

AS4849_R1                                                          Applicant's Initials _____

misrepresentation or omitted any material fact, then in addition to the Good Faith Deposit, the Applicant shall pay to Lender upon demand, a Break-Up Fee equal to 1% of the Loan Amount as liquidated damages for the time and effort expended by Lender in connection with this Application, it being expressly acknowledged and agreed that Lender's actual damages in such instance will be impossible to calculate. This paragraph shall survive any termination of this Application.

Applicant understands and acknowledges that Lender's agreement to make the Loan is subject to receipt of approval from Lender's internal investment committee and Borrower's fulfillment of the Closing Conditions, each in form and substance satisfactory to Lender. Applicant acknowledges and agrees that this Application does not set forth all of the terms and conditions of the proposed Loan, but is merely intended to serve as an outline of the major points of understanding between the parties that will be set forth in the final Loan Documents. Accordingly, this Application is subject to revision by Lender and cannot be construed for any purpose as a commitment by Lender to fund any loan under these or any other terms. Further, no such offer or commitment may be made orally by any employee, officer, agent, or representative of Lender, and none should be implied based on any statements by, or conduct of, any such persons.

This Application shall be governed by, construed, and interpreted in accordance with the internal laws of the State of New York, without regard to principles of conflicts of laws. Applicant submits to the exclusive jurisdiction of the courts of the State of New York for the resolution of any dispute in connection with this Application. Both parties waive any right to a jury trial.

Applicant acknowledges its acceptance of the terms and conditions relating to the Loan described in this Application by (i) executing below, (ii) initialing each page of this Application where indicated, (iii) completing the certification attached hereto as Exhibit C for each Key Principal and each borrower and (iv) submitting each of the same to Lender along with the Good Faith Deposit. Applicant understands that failure to do so within five (5) days after the date hereof shall render this Application null and void.

Sincerely,

McKinney Capital and Advisory

By: _____

Name:
Title:

Date:

-2-

Applicant's Initials _____



March 27, 2019

| | |
|---|---|
| **Property Address:** | 414-420 Lesser St., Oakland, CA |
| **Property Type:** | Industrial |
| **Interest of Borrower:** | Fee Simple |
| **Purpose of Financing:** | Refinance, TI/LC |

**Lender:** Silver Arch Capital Partners, LLC (or an affiliate thereof), and its successors and/or assigns.

**Borrower:** Subject to due diligence, McKinney Capital Advisory, a special purpose bankruptcy remote entity, to be more specifically identified in the Loan Documents (defined below).

**Borrower Structure:** An existing or to be a newly formed single-purpose limited liability company or limited partnership acceptable to Lender.

**Key Principal:** Damian McKinney and any other entities or individuals having a 10% or greater interest in the Borrower.

**Manager:** Manager will be required to subordinate its rights under any management agreement to the Loan. The loan documents will provide that upon the occurrence of certain events Borrower may be required to terminate and replace Manager with an independent third party manager acceptable to Lender.

**Loan Amount:** Up to $6,000,000 subject to adjustment to comply with the terms and conditions set forth in this Application.

**Limitations on Loan Amount:** On the date of Closing, the Loan shall have a loan-to-value ratio (the "LTVR") of no greater than 55 %.

**Collateral:** Lender shall have a first priority lien on the Property, including a first priority assignment of all leases, rents, issues and profits and a first priority and perfected security interest in all personal property, licenses, permits, contract rights, general intangibles and other assets of Borrower used in connection with the operation, maintenance and management of the Property, and assignment of the ownership interests in the Borrowing entity, to be evidenced and secured by Lender's standard loan documents (the "Loan Documents").

AS4849_R1                                                        Applicant's Initials _____

| | |
|---|---|
| **Origination Fee:** | 2% of the Loan Amount. |
| **Prepaid Interest:** | 12 months to be paid at closing. |
| **Minimum Interest:** | The Loan may be prepaid at any time upon payment of interest on the loan through the 9th month of the term. |
| **Maturity Date:** | One year after the Closing. |
| **Extension Options:** | Up to two (2) extensions of six months each subject to: (i) no event of default existing; (ii) receipt by Lender of no less than 30 days irrevocable written notice of Borrower's intent to exercise the applicable Extension Option, (iii) the Property then having an LTVR of no greater than 55 % (iv) Borrower depositing initial or additional amounts into any reserve accounts then being required by Lender, (v) receipt by Lender of a ½ % extension fee for each extension; and (vi) such other requirements as are then standard for Lender. |
| **Interest Rate:** | Nine and one half percent (9.5%) with interest payable monthly in arrears, calculated on an actual/360 basis. |
| **Amortization:** | None. |
| **Cash Management:** | Borrower will be required to establish an account (the "Clearing Account") at a bank acceptable to Lender with a long-term unsecured debt rating of at least "A "(or the equivalent) and a short-term unsecured debt rating of at least "A-1" (or the equivalent) from at least two (2) rating agencies (the "Clearing Bank"). Prior to Closing, Borrower shall be required to notify each tenant at the Property and each account debtor to remit all amounts due with respect to the Property directly to the Clearing Account during the term of the Loan. |

The Clearing Account shall be under the sole control of the Lender. Provided no Sweep Event (as defined below) has occurred, funds deposited into the Clearing Account will be transferred to an account of Borrower. Upon the occurrence of a Sweep Event, all funds deposited into the Clearing Account will be transferred to an account of Lender (the "Collection Account"), to be applied by Lender in accordance with the terms of the Loan Documents.

A "Sweep Event" will occur: (i) if an event of default occurs under the Loan or the Property management agreement, (ii) if the DSCR for the Property for the prior 2 month period falls below 90% of the DSCR at the time of the Closing, (iii) if any tenant occupying more than 10% of the Property (either physical or economic occupancy) ceases to conduct its normal business operations at substantially all of its leased premises (iv) if any tenant occupying more than 10% of the Property (either physical or economic occupancy) (or such tenant's parent, if applicable) becomes insolvent, files for bankruptcy or has its senior unsecured debt rating fall below "BBB-" by Standard & Poor's ratings services (or the equivalent of such rating by Moody's).

Applicant's Initials _____.

Notwithstanding the foregoing, upon an event of default, all funds in the Clearing Account will be transferred to the Collection Account and Lender may apply any such funds in such order, proportion and priority as Lender may determine.

**Reserves:**

Borrower will be required to establish at Closing and fund and maintain during the term of the Loan ongoing reserves for real estate taxes and property and liability insurance premiums. Such reserves will be held by Lender as additional collateral for the Loan and applied as determined by Lender.

**Closing:**

The closing of the Loan shall occur no earlier than the first business day after Applicant and/or Borrower have satisfied all of Lender's requirements, including the Closing Conditions and any other terms and conditions set forth in this Application. Lender will work in good faith to complete the Closing by April 20,2019 ; provided that Lender shall not be liable to Borrower for any failure of Lender to achieve a Closing by such date.

**Closing Conditions:**

Lender's conditions to closing the Loan shall include the following:

(a) review and approval of Borrower's organizational documents and the credit history of Applicant, Manager, Key Principal and each of their principals;

(b) delivery of a FIRREA appraisal from an MAI appraiser to be ordered by Lender at Borrower's expense and satisfaction of any assumptions therein;

(c) delivery of a Phase I environmental report to be ordered by Lender at Borrower's expense addressing all environmental risks pursuant to Lender's scope of work, including, without limitation, asbestos, mold, radon and lead-based paint and, if required by Lender, a Phase II report and/or the implementation of an Operations and Maintenance Plan for any necessary remediation;

(d) delivery of a structural engineering report to be ordered by Lender at Borrower's expense and, if the Property is located in a seismic zone of 3 or 4, a seismic report including a probable maximum loss analysis;

(e) the absence of any event or development occurring or any information being received with respect to the Property, Applicant, Borrower, Manager, any Key Principal or any of their respective principals, or any tenants at the Property, prior to the date on which the Loan closing occurs which could, in Lender's opinion, materially and adversely affect the management, the net operating income or value of the Property or the Loan or the ability of Borrower to make any payments that would be required under the Loan;

(f) execution and delivery of the Loan Documents and any related settlement statement(s) and other closing documentation;

Applicant's Initials _____

(g)     delivery from Applicant's counsel of all legal opinions required by Lender;

(h)     delivery of copies of all commercial leases;

(i)     delivery of original tenant estoppels and subordination agreements acceptable to Lender from all commercial tenants and from any ground lessor;

(j)     delivery of financial statements (including tax returns) from Applicant and each Key Principal or as otherwise requested by Lender for both the last concluded financial year and last concluded financial quarter preceding the date of this Application, which financial statements of Applicant shall be prepared and reviewed by an independent accounting firm acceptable to Lender;

(k)     delivery of valid permanent certificates of occupancy and zoning confirmation letters or zoning reports from all applicable authorities with respect to all of the improvements constructed upon the Property;

(l)     delivery of evidence of insurance as more specifically set forth in "Insurance" below;

(m)     receipt of a policy of mortgagee title insurance and an updated certified survey, each in compliance with the terms and conditions listed on Exhibit A attached hereto;

(n)     no material adverse change in market conditions having occurred after the date of this Application and prior to Closing;

(o)     delivery of any other information requested by Lender and Lender's completion of due diligence and underwriting on Borrower, the Property and Key Principal; and

(p)     satisfaction of any other closing conditions customary for loans similar to the Loan;

(q)     confirmation of the cost to complete the proposed improvements (if applicable);

(r)     No material misrepresentation by or on behalf of Borrower.

**Servicer:**     To be appointed by Lender. The cost of such servicer (which cost shall not exceed 5 basis points) shall be paid by Borrower.

**Loan Sale Cooperation:**     Lender reserves the right to transfer the Loan to a trust or other similar securitization vehicle in a public or private offering or otherwise effectuate a public or private sale of the Loan (any of the foregoing, a "Sale"). Borrower agrees to cooperate with Lender to effectuate a Sale by, without limitation,

making amendments and/or modifications to the Loan Documents and/or Borrower's organizational documents that do not have a material adverse effect on Borrower's rights and obligations thereunder including, without limitation, creating a mezzanine loan, severing Borrower's promissory note and creating one or more senior and/or subordinate notes (*i.e.*, an A/B or A/B/C structure), creating additional components of the Loan, reducing the number of components of the Loan, revising the interest rate of any components (provided that the weighted average of the interest rates on all such components does not exceed the Interest Rate), reallocating the principal balances of the components, or eliminating the component structure and/or the multiple note structure of the Loan (including the elimination of the related allocations of principal and interest payments).

**Assignment by Lender:** Lender may assign the all or part of the Loan and any agreements pertaining thereto, including this Application, at any time and to any party in its sole discretion.

**Other Debt:** None permitted.

**Reporting:** Borrower will provide Lender with, among other things, quarterly certified rent rolls and quarterly and annual income statements and balance sheets (collectively, the "Financial Statements"); provided that until the Loan is included in a Sale, the Financial Statements shall also be provided monthly. The annual Financial Statements will be required to be prepared and reviewed by an independent accounting firm acceptable to Lender.

**Recourse Liability:** The Loan will be fully recourse to Borrower; and Key Principals shall provide guarantee of standard non-recourse carveouts only, including a covenant to not contest Lender's enforcement of its right in the event of default.

**Assignment:** None permitted.

**Insurance:** The Property will be required to be covered by fire and casualty, machine and boiler, business interruption, terrorism, liability and any additional insurance as may be required, all in form and substance satisfactory to Lender.

**Brokers:** Borrower shall (i) represent to Lender the identity of all brokers, finders or correspondents engaged by Borrower in connection with the Loan, (ii) pay any and all commissions and other similar fees owing in connection with the parties identified in (i) and (iii) indemnify and defend Lender from and against all costs and expenses incurred by Lender as a result of a breach of the foregoing or otherwise in connection with any claim for a brokerage commission or fee made against Lender with respect to the Loan.

**Confidentiality:** This Application is being delivered with the understanding that neither it nor the substance thereof shall be disclosed by Borrower or any Key Principal or any of their respective affiliates to any third person, except those who are in confidential relationships to any of them (i.e., Borrower's counsel,

Applicant's Initials _____

accountants and other retained business advisors) or as may be required by law.

**Special Conditions:**    Borrower acknowledges that this is a commercial transaction not subject to any state's consumer protection laws. Borrower understands that Lender will not proceed without this representation.

**Choice of Forum:**    Borrower and Guarantor(s) consent to the jurisdiction of any state or federal court sitting in the State of New York for adjudication of any dispute between the Borrower and Guarantor(s), their agents, servants and/or employees and Silver Arch Capital Partners under any theory of law in connection with, out of, or otherwise relating to this Loan Application and any related transactions and that venue shall be proper in any such court to the exclusion of the courts in any other state or country. The Borrower further agrees that such designated forum is proper and convenient. By executing this Loan Application, Borrower and Guarantor(s) authorize Silver Arch Capital Partners to obtain credit information on Borrower and Guarantor.

Applicant's Initials _____



Origination • Servicing • Advisory Services

## EXHIBIT A

### TITLE AND SURVEY REQUIREMENTS

I.  TITLE REQUIREMENTS:

A title insurance policy with a liability limit not less than the final Loan Amount, insuring the Mortgage as a first lien on the title to the Property and issued by a nationally recognized title insurance company acceptable to Lender. The title insurance policy shall be subject only to such exceptions as shall be approved by, and shall contain such endorsements as may be required by, Lender.

II. SURVEY REQUIREMENTS:

A current title survey of the Property by a licensed or registered land surveyor acceptable to Lender, certified to Lender, its successors and/or assigns and the appropriate title insurance company, which survey and certification shall be in form, scope and substance acceptable to Lender. The title survey shall be prepared in accordance with the Minimum Standard Detail Requirements and Classifications for ALTA/ACSM Land Title Surveys, as adopted in 2011.

AS4849_R1                                          Applicant's Initials _____

## EXHIBIT B

## GOOD FAITH DEPOSIT DELIVERY INSTRUCTIONS

### IF BY WIRE:

Contact: Tony Petruccello, Silver Arch Capital Partners, LLC
Email: tonypetruccello@silverarchcp.com
Phone: 201-254-2558

Applicant's Initials _____

## EXHIBIT C

## CERTIFICATION OF PRINCIPAL LITIGATION

Complete a separate sheet for each general partner, managing member, control party, guarantor, member, limited partner, or shareholder owning equal to or more than **10%**, significant shareholder and corporate officer (each, a "Significant Principal"). All questions should be answered for all entities in which each Significant Principal has had an ownership interest.

| | YES | NO |
|---|---|---|
| 1. Have you ever been declared bankrupt or filed a petition or action under any bankruptcy or insolvency laws or had a judgment against you? If yes, please attach a detailed explanation. | | |
| 2. Have you ever had a judgment against you? If yes, please attach a detailed explanation. | | |
| 3. Have you ever been a principal, partner, shareholder, or member with any direct or indirect ownership interests in an entity that has declared bankruptcy or filed a petition or action under any bankruptcy or insolvency laws? If yes, please attach a detailed explanation. | | |
| 4. Have you ever been a guarantor of an entity that has declared bankruptcy? If yes, please attach a detailed explanation. | | |
| 5. Have you ever has any claim made against you under a guaranty? If yes, please attach a detailed explanation. | | |
| 6. Have you ever had property foreclosed upon or given title or deed in lieu thereof? If yes, please attach a detailed explanation. | | |
| 7. Have you ever been a principal, partner, shareholder, or member of an entity that had a property foreclosed upon or given title or deed in lieu thereof? If yes, please attach a detailed explanation. | | |
| 8. Have you ever had repossession? If yes, please attach a detailed explanation. | | |
| 9. Have you ever requested or received modification of the terms of any existing mortgage or any other loan? If yes, please attach a detailed explanation. | | |
| 10. Have you ever been a principal, partner, shareholder, or member of an entity that requested or received modification of the terms of any existing mortgage or any other loan? If yes, please attach a detailed explanation. | | |
| 11. Have you ever been in default on or received forbearance on any existing mortgage or any other loan? If yes, please attach a detailed explanation. | | |
| 12. Have you ever been a principal, partner, shareholder, or member of an entity that has ever been in default on or received forbearance on any existing mortgage or any other loan? If yes, please attach a detailed explanation. | | |
| 13. Have you ever been arrested or convicted of or plead guilty or no contest to a felony or a misdemeanor or are you presently the subject of an arrest, complaint or indictment charging a felony or a misdemeanor? If yes, please attach a detailed explanation. | | |
| 14. Are you a co-maker, guarantor, or endorser on a note? | | |

Applicant's Initials _____

| | | |
|---|---|---|
| 15. Are you or have you ever been a party to any claim or lawsuit? | | |
| 16. Are any of your assets pledged as collateral? | | |
| 17. Do you owe any taxes for the years prior to the current year? | | |
| 18. Have you been the subject of an IRS audit in the past three years? | | |
| 19. Are you a U.S. citizen? | | |
| 20. Are you a resident alien? | | |
| 21. Have you ever obtained credit under any other name or have been known by any other name in the last 10 years? If yes, list other names or aliases: _____ | | |

The information contained in this certificate and any explanation(s) attached hereto is true, accurate, and complete.

McKinney Capital and Advisory

By: _____
    Name:
    Title:

# Exhibit D


## 1 Complaints

Show **All Complaints**  Sort By **Most Recent** ▾

**Complaint Type:** Problems with Product/Service   **Status:** Answered 

05/08/2017

 Silver Arch took $ 80,000 of my money to refinance an existing loan. After 4 months, at the very last minute they decided not to help refinance my loan. They did not indicate until after they were wired an initial $ 50,000 and later an additional $ 30,000 'good faith' deposit. After 4 months of encouraging procedures on behalf of Silver Arch representative, they inform me that they will not sign a contract to refinance. In addition, they refused to refund all of my deposit instead offering me just $ 25,000 back if I signed a gag contract. I feel they are dishonest and their encouragement in proceeding with approval of the loan over 4 months, and the taking of my money while never expressing that I would be refused is criminal. I am disabled and cannot work. I was trying to refinance a business property before I lost it. $ 80,000 is a tremendous amount of money for me and I had to take it from my Retirement plan which incurred federal penalties for early disbursement. Despite my...

Silver Arch Capital Funding headquartered in New Jersy is under the Kennedy umbrella. Ripped off to the tune of 79,000 of 'due dilligence' with a sudden drop of my 'assured' bridge loan. Was told I could get 25,000 back if I signed a Hold harmless agreement. I declined and was fortunate enough to find another broker who found me a Real lender for my needs. I had to "RE-Purchace" my appraisals and surveys as Silver Arch never paid the companies despite the fact that I sent Silver Arch the funds for the work at the time. So the appraisers and surveyors did the work and I paid Silver Arch but.... they were not paid from my due diligence funds paid to Silver Arch. I paid twice. The whole scam that Kennedy/Silver Arch/ Matt Cole and scam attorney Jeff Wolfer are running is horrible. To call it a scam is misleading and too kind. This is racketeering fraud on a cooperate financial level. I am suing for my money back.... All of it plus Pain and Suffering. Companies such as Silver Arch and Kennedy who prey on the most desperate of American businesses much be exposed as should their minions Jeff Wolfer and Matt Cole. Voices in scammed unity will be heard if we all try. If not for us than for the Greater Good.
Michele Mittelbronn
mittelbronn160@gmail.com

| | | FOR COURT USE ONLY |
|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO** | | |
| STREET ADDRESS:        330 West Broadway | | |
| MAILING ADDRESS:      330 West Broadway | | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | | |
| BRANCH NAME:           Central | | |
| PLAINTIFF(S):    McKinney Capital and Advisory Group LLC | | |
| DEFENDANT(S): Silver Arch Capital Partners LLC | | |
| SHORT TITLE:    MCKINNEY CAPITAL & ADVISORY LLC VS SILVER ARCH CAPITAL PARTNERS LLC [IMAGED] | | |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2019-00052881-CU-FR-CTL |
|---|---|

Judge: Kenneth J Medel                                                    Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐   Mediation (court-connected)                              ☐   Non-binding private arbitration

☐   Mediation (private)                                            ☐   Binding private arbitration

☐   Voluntary settlement conference (private)            ☐   Non-binding judicial arbitration (discovery until 15 days before trial)

☐   Neutral evaluation (private)                                ☐   Non-binding judicial arbitration (discovery until 30 days before trial)

☐   Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                Date: _____

_____                        _____
Name of Plaintiff                                                          Name of Defendant

_____                        _____
Signature                                                                    Signature

_____                        _____
Name of Plaintiff's Attorney                                         Name of Defendant's Attorney

_____                        _____
Signature                                                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  10/07/2019                                              _____
                                                                            JUDGE OF THE SUPERIOR COURT



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2019-00052881-CU-FR-CTL     CASE TITLE: McKinney Capital & Advisory LLC vs Silver Arch Capital Part

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this **Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> (2) the **Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** *and*
> (3) the **Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7066 |

PLAINTIFF(S) / PETITIONER(S):    McKinney Capital and Advisory Group LLC

DEFENDANT(S) / RESPONDENT(S):  Silver Arch Capital Partners LLC

MCKINNEY CAPITAL & ADVISORY LLC VS SILVER ARCH CAPITAL PARTNERS LLC [IMAGED]

| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>37-2019-00052881-CU-FR-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Kenneth J Medel                               Department: C-66

**COMPLAINT/PETITION FILED: 10/04/2019**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/10/2020 | 08:30 am | C-66 | Kenneth J Medel |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

**EXHIBIT B**

WRIGHT, L'ESTRANGE & ERGASTOLO
   Joseph T. Ergastolo (SBN 137807)
   jte@wlelaw.com
   Davin H. Kono (SBN 312382)
   dkono@wlelaw.com
402 West Broadway, Suite 1800
San Diego, California 92101
(619) 231-4844
(619) 231-6710 (Facsimile)

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT

|  |  |
|---|---|
| MCKINNEY CAPITAL & ADVISORY, LLC, a California limited liability company, | Case No.: 37-2019-00052881-CU-FR-CTL |
| Plaintiff, | **NOTICE OF FILING OF REMOVAL** |
| v. | |
| SILVER ARCH CAPITAL PARTNERS, LLC, a New Jersey limited liability company; and DOES 1 through 50, inclusive, | |
| Defendants. | Judge:   The Honorable Kenneth J. Medel<br>Dept:   C-66 |

1       TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR

2  ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE that on November 20, 2019, Defendant Silver Arch Capital Partners

4  LLC filed a Notice of Removal, pursuant to 28 U.S.C. § 1441 *et seq.*, in the above-captioned action

5  removing this action to the United States District Court for the Southern District of California.

6       PLEASE TAKE FURTHER NOTICE that Defendant, upon filing the Notice of Removal in the

7  office of the Clerk of the United States District Court for the Southern District of California, also filed

8  copies thereof with the Clerk of the Superior Court of the State of California, County of San Diego, to

9  effect removal pursuant to 28 U.S.C. § 1446.

10       A copy of the Notice of Removal is annexed hereto.

11

12  Date: November 20, 2019               WRIGHT, L'ESTRANGE & ERGASTOLO

13                                  *Attorneys for Defendant*

14                                  *Silver Arch Capital Partners LLC*

15                              By: _____

16                                    Joseph T. Ergastolo

17

18

19

20

21

22

23

24

25

26

27

28

WRIGHT, L'ESTRANGE & ERGASTOLO
 Joseph T. Ergastolo (SBN 137807)
 jte@wlelaw.com
 Davin H. Kono (SBN 312382)
 dkono@wlelaw.com
 402 West Broadway, Suite 1800
 San Diego, California 92101
 (619) 231-4844
 (619) 231-6710 (Facsimile)

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*


# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT

| | |
|---|---|
| MCKINNEY CAPITAL & ADVISORY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SILVER ARCH CAPITAL PARTNERS, LLC, a New Jersey limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 37-2019-00052881-CU-FR-CTL<br><br>**PROOF OF SERVICE** |

1      I am a resident of the State of California over the age of 18 years, and not a party to the within

2 action. My business address is 402 West Broadway, Suite 1800, San Diego, CA 92101. On **November**

3 **20, 2018** I served the within documents:

4     **NOTICE OF FILING OF REMOVAL**

5   __XX__ U.S. Mail: I placed a copy in a separate envelope, with postage fully prepaid, for each addressee

6 named herein for collection and first class mailing on the below indicated date. I am readily familiar

7 with Wright, L'Estrange & Ergastolo's practices for collection and processing of correspondence for

8 mailing with the United States Postal Service.

9

| | |
|---|---|
| DUFORD LAW, LLP<br>Craig W. Duford, State Bar No. 305823<br>Julia S. Zold, State Bar No. 324847<br>3611 Fifth Ave.<br>San Diego, CA 92103<br>Ph: (619) 546-4291<br>Fax: (619) 354-2449 | |

14     Executed **November 20, 2019** at San Diego, California. I declare under penalty of perjury under

15 the laws of the State of California that the foregoing is true and correct.

16                             _Tina Rynberg_

17                     Tina R. Rynberg

18

19

20

21

22

23

24

25

26

27

28

WRIGHT, L'ESTRANGE & ERGASTOLO
  Joseph T. Ergastolo (SBN 137807)
  jte@wlelaw.com
  Davin H. Kono (SBN 312382)
  dkono@wlelaw.com
402 West Broadway, Suite 1800
San Diego, California 92101
(619) 231-4844
(619) 231-6710 (Facsimile)

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/20/2019** at 10:09:00 AM

Clerk of the Superior Court
By Megan Dietenhofer, Deputy Clerk

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MCKINNEY CAPITAL &
ADVISORY GROUP, LLC, a
California limited liability company,

       Plaintiff,

    v.

SILVER ARCH CAPITAL
PARTNERS LLC, a New Jersey limited
liability company; and DOES 1 through
50, inclusive,

       Defendants.

Case No.

**CERTIFICATE OF SERVICE OF
NOTICE TO ADVERSE PARTY OF
REMOVAL TO FEDERAL COURT**

I, the undersigned, am a member of the bar of this Court, and counsel for Defendants herein, and I hereby certify that on **November 20, 2019**, I served true and correct copies of the following document(s):

**CIVIL CASE COVER SHEET**
**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

  XX   U.S. Mail: I placed a copy in a separate envelope, with postage fully prepaid, for each addressee named herein for collection and first class mailing on the below indicated date.  I am readily familiar with Wright, L'Estrange & Ergastolo's practices for collection and processing of correspondence for mailing with the United States Postal Service.

| | |
|---|---|
| DUFORD LAW, LLP<br>Craig W. Duford, State Bar No. 305823<br>Julia S. Zold, State Bar No. 324847<br>3611 Fifth Ave.<br>San Diego, CA 92103<br>Ph: (619) 546-4291<br>Fax: (619) 354-2449<br>*Attorneys for Plaintiff McKinney Capital*<br>*& Advisory Group, LLC* | |

Executed on **November 20, 2019**.

*/s/ Joseph T. Ergastolo*
Joseph T. Ergastolo
jte@wlelaw.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 305823/ 323363 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 305823/ 323363

NAME: Craig DuFord/ Rio Schwarting
FIRM NAME: DuFord Law, LLP
STREET ADDRESS: 3611 Fifth Ave.
CITY: San Diego   STATE: CA   ZIP CODE: 92103
TELEPHONE NO.: (619) 546-4291   FAX NO.: (619) 354-2449
E-MAIL ADDRESS: Craig@dufordlaw.com/ Rio@dufordlaw.com
ATTORNEY FOR (name): MCKINNEY CAPITAL & ADVISORY, LLC

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/03/2019** at 05:00:00 PM

Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Civil

Plaintiff/Petitioner: MCKINNEY CAPITAL & ADVISORY, LLC
Defendant/Respondent: SILVER ARCH CAPITAL PARTNERS, LLC

**REQUEST FOR** [x] **Entry of Default** [ ] **Clerk's Judgment**
**(Application)** [ ] **Court Judgment**

CASE NUMBER:
37-2019-00052881-CU-FR-CTL

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* 10/21/2019
   b. by *(name):* MCKINNEY CAPITAL & ADVISORY, LLC
   c. [x] Enter default of defendant *(names):*
      SILVER ARCH CAPITAL PARTNERS, LLC

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*
      Manzana Energy, Inc., DBA Manzana Turf, Art Castañares, and Does 1-100
      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date):*

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint | $ | $ | $ |
| b. Statement of damages* | | | |
| (1) Special | $ | $ | $ |
| (2) General | $ | $ | $ |
| c. Interest | $ | $ | $ |
| d. Costs *(see reverse)* | $ | $ | $ |
| e. Attorney fees | $ | $ | $ |
| f. **TOTALS** | $ | $ | $ |

   g. **Daily damages** were demanded in complaint at the rate of: $ _____ per day beginning *(date):*
   *(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: December 3, 2019

Rio Schwarting
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) [ ] Default entered as requested on *(date):* |
|---|---|
| | (2) [✓] Default NOT entered as requested *(state reason):* SEE NOTICE TO FILING PARTY |

Clerk, by _____ J. Walters _____, Deputy   Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2018]   **REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**   Code of Civil Procedure, §§ 585–587, 1169
www.courts.ca.gov

| Plaintiff/Petitioner: McKinney Capital & Advisory, LLC | CASE NUMBER: |
|---|---|
| Defendant/Respondent: Silver Arch Capital Partners, LLC | 37-2019-00052881-CU-FR-CTL |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☒ did **not** for compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

  a. Assistant's name:

  b. Street address, city, and zip code:

  c. Telephone no.:

  d. County of registration:

  e. Registration no.:

  f. Expires on (date):

5. ☒ **Declaration under Code Civ. Proc., § 585.5** (for entry of default under Code Civ. Proc., § 585(a)). This action

  a. ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

  b. ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

  c. ☐ is ☒ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

  a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney (names):

  b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

    (1) Mailed on (date): December 3, 2019

    (2) To (specify names and addresses shown on the envelopes): Joseph T. Ergastolo and Davin H. Kono, 402 W. Broadway, Suite 1800, San Diego, CA 92101

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: December 3, 2019

Joel Feldman
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** (required if money judgment requested). Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

  a. Clerk's filing fees .................... $

  b. Process server's fees ................ $

  c. Other (specify): $

  d. $

  e. **TOTAL** ........................... $

  f. ☐ Costs and disbursements are waived.

  g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 3, 2019

Rio Schwarting
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** (required for a judgment). No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code section 400(b).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 3, 2019

Rio Schwarting
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF DECLARANT)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Craig DuFord (SBN:305823); Rio Schwarting (SBN:323363) <br><br> 3611 Fifth Avenue, San Diego, California 92103 <br><br> TELEPHONE NO.:(619) 546-4291  FAX NO. *(Optional):*(619) 354-2449 <br> E-MAIL ADDRESS *(Optional):*Craig@Dufordlaw.com/ Rio@Dufordlaw.com <br> ATTORNEY FOR *(Name):*MCKINNEY CAPITAL & ADVISORY, LLC | **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br><br> **12/03/2019** at 05:00:00 PM <br> Clerk of the Superior Court <br> By Jacqueline J. Walters ,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
  STREET ADDRESS:330 W. Broadway
  MAILING ADDRESS:330 W. Broadway
  CITY AND ZIP CODE:San Diego, CA 92101
  BRANCH NAME:Central Division - Civil

PETITIONER/PLAINTIFF:MCKINNEY CAPITAL & ADVISORY, LLC

RESPONDENT/DEFENDANT:SILVER ARCH CAPITAL PARTNERS, LLC

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER: <br> 37-2019-00052881-CU-FR-CTL |
|---|---|

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   3611 Fifth Avenue, San Diego, California 92103

3. On *(date):*12/03/2019        I mailed from *(city and state):*  San Diego, California
   the following **documents** *(specify):*
   Request for Entry of Default Against the Defendant (CIV-100)

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
   (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served:Joseph T. Ergastolo and Davin H. Kono
   b. **Address** of person served:
      402 W. Broadway, Suite 1800, San Diego, California 92101

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/03/2019

Joel Feldman
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                    (SIGNATURE OF PERSON COMPLETING THIS FORM)

# SUPERIOR COURT OF CALIFORNIA
## SAN DIEGO
### 330 West Broadway
### San Diego, CA 92101
### (619) 450-7275

## NOTICE TO FILING PARTY

McKinney Capital & Advisory LLC vs Silver Arch Capital Partners LLC [IMAGED]

**Case Number: 37-2019-00052881-CU-FR-CTL**

## We are unable to process the attached <u>Request for Entry of Default (NOT ENTERED)</u> for the reasons indicated below:

See question #6(b)(2) does not state the defendant name as being mailed a copy of the default. Proof of Service of Summons is defective. Question 3(b) does not list the relationship to the party in 3(a), and the proof of service is not dated.

Please enclose a self-addressed stamped envelope to expedite receipt of returned papers.

Papers returned to:  McKinney Capital and Advisory Group LLC

Date: 12/06/2019

Clerk of the Court,

*J. Walters*
J. Walters

Deputy

WRIGHT, L'ESTRANGE & ERGASTOLO
Joseph T. Ergastolo (SBN 137807)
jte@wlelaw.com
Davin H. Kono (SBN 312382)
dkono@wlelaw.com
402 West Broadway, Suite 1800
San Diego, California 92101
(619) 231-4844
(619) 231-6710 (Facsimile)

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/16/2019** at 09:12:00 AM

Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT

| | |
|---|---|
| MCKINNEY CAPITAL & ADVISORY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SILVER ARCH CAPITAL PARTNERS, LLC, a New Jersey limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 37-2019-00052881-CU-FR-CTL<br><br>**DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND MERITS DISCOVERY; DECLARATION OF JOSEPH T. ERGASTOLO IN SUPPORT THEREOF**<br><br>Date:    December 17, 2019<br>Time:   8:30 a.m.<br>Judge:  The Honorable Kenneth J. Medel<br>Dept:   C-66 |

Pursuant to California Rules of Court rule 3.1200, et seq., Defendant Silver Arch Capital Partners LLC ("Defendant"), applies to the Court *ex parte* for an order granting Defendant: (1) a fifteen (15) day extension to respond to Plaintiff McKinney Capital & Advisory, LLC's ("Plaintiff") Complaint; and (2) a thirty (30) day extension to respond to Plaintiff's merits discovery.

Plaintiff filed the Complaint in state court on October 4, 2019 (Declaration of Joseph T. Ergastolo ("JTE Decl.") at ¶ 2; Register of Action "ROA" # 1). The contract that is the basis of Plaintiff's Complaint contains choice-of-law and venue provisions for New York (JTE Decl. at ¶ 3; ROA # 1, Ex. A at p. 3). Defendant was served with the Summons and Complaint on October 21, 2019 (JTE Decl. at ¶ 2). Defendant timely filed a Notice of Removal of Action to Federal Court on November 20, 2019 (id. at ¶ 4; ROA # 15). Judge M. James Lorenz of the United States District Court for the Southern District of California issued an order ("Order") remanding the action to state court on November 21, 2019 (JTE Decl. at ¶ 5, Ex. A). The Order concludes that Defendant had not established complete diversity because the removal petition did not identify the citizenship of each of the members of the Plaintiff and Defendant, both of which are limited liability companies (id.).

In the absence of an extension, Defendant's response to the Complaint is due thirty (30) days after the Court's receipt of the remand order, or December 23, 2019. Cal. Civ. Proc. Code § 430.90.

On November 25, 2019, counsel for Defendant contacted counsel for Plaintiff asking him to identify each of Plaintiff's member's state of citizenship (id. at ¶ 6). This information is vital for removal purposes. Plaintiff's counsel refused to provide the requested information (id.). Later that day, Defendant personally served two (2) special interrogatories on Plaintiff, for the limited purpose of determining whether diversity jurisdiction existed for purposes of removal (id. at ¶ 7). Plaintiff's responses to Defendant's two (2) special interrogatories are due on December 26, 2019. Those responses will dictate whether this case is removable (id.).

Defendant requests additional time so that it can obtain the diversity discovery and remove the matter to federal court, if appropriate.

On November 14, 2019, prior to Defendant's removal, Plaintiff served on Defendant form interrogatories, special interrogatories, requests for production of documents, and requests for admissions (collectively, "Merits Discovery") (id. at ¶ 8). The Merits Discovery requests information

pertaining to substantive issues in the lawsuit (<u>id.</u>). In the absence of an extension, Defendant's response to the Merit's Discovery is due on December 19, 2019.

On December 3, 2019, Plaintiff filed a request for entry of default against Defendant (ROA # 19). The request was rejected by the Court (ROA # 21). The default request should never have been filed because Defendant's response to Plaintiff's Complaint is not due until December 23, 2019. Cal. Civ. Proc. Code § 430.90. When the prematurely filed request for dismissal was brought to his attention, Plaintiff's counsel stated that he was unaware of the code section which provides the response time after remand, and requested that defense counsel provide him the authority, which he did (JTE Decl. ¶ 10, Ex. B).

Good cause exists for an extension of time to respond to the Complaint and Merits Discovery (<u>id.</u> at 12). Defendant intends to remove this action once it obtains more information about Plaintiff's citizenship. Once removed, Defendant intends to move to transfer the case to the United States District Court, Southern District of New York, where it should have been filed in the first place. If the diversity discovery indicates that removal is not possible, Defendant will move in this Court to dismiss the case on the ground of inconvenient forum based on the mandatory and enforceable forum selection clause in the parties' contract. Civ. Proc. Code § 410.30(a). Therefore, Plaintiff's Merits Discovery is premature whether this case remains in state court or is removed to federal court.

There have been no prior requests for an extension of time to respond to the Complaint in this action (<u>id.</u> at ¶ 13).

The undersigned counsel has advised counsel for Plaintiff that such an *ex parte* request will be made to this Court (<u>id.</u> at ¶ 11, Ex. C).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME; SUPPORTING DECLARATION

Accordingly, Defendant respectfully submits that good cause exists, under California Rules of Court rule 3.1202(c), for an order extending time for Defendant to respond to Plaintiff's Complaint from December 23, 2019, until January 7, 2020, and extending time for Defendant to respond to Plaintiff's Merits Discovery from December 20, 2019, until January 21, 2020.

Date: December 6, 2019

WRIGHT, L'ESTRANGE & ERGASTOLO

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*

By: _____
        Joseph T. Ergastolo

DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME; SUPPORTING DECLARATION

## DECLARATION OF JOSEPH T. ERGASTOLO

I, Joseph T. Ergastolo, declare:

1.  I am an attorney at law licensed to practice before this Court and am a partner in the law firm of Wright, L'Estrange & Ergastolo, counsel for Defendant Silver Arch Capital Partners LLC ("Defendant") in the above-entitled matter. The facts contained within this declaration are true of my own knowledge and are such that I could, and would if called upon to do so, competently testify thereto.

2.  Plaintiff McKinney Capital & Advisory, LLC ("Plaintiff") filed the Complaint in state court on or about October 4, 2019 (Register of Action "ROA" # 1). Defendant was served with the Summons and Complaint on or about October 21, 2019.

3.  The contract that is the basis of Plaintiff's Complaint contains choice-of-law and venue provisions for New York (ROA # 1, Ex. A at p. 3).

4.  On or about November 20, 2019, Defendant timely filed a Notice of Removal of Action to Federal Court (ROA # 15).

5.  On or about November 21, 2019, Judge M. James Lorenz of the United States District Court for the Southern District of California issued an order remanding the action to state court. The remand Order states that Defendant failed to establish complete diversity because the removal petition did not indicate the citizenship of each of the members of Plaintiff and Defendant, both limited liability companies. A copy of the Order is attached hereto as Exhibit A.

6.  On or about November 25, 2019, I contacted counsel for Plaintiff, Craig W. DuFord, asking him to identify each of Plaintiff's member's state of citizenship. Mr. DuFord declined to provide the information.

7.  Later that day, on or about November 25, 2019, Defendant propounded two (2) special interrogatories on Plaintiff for the limited purpose of determining whether diversity jurisdiction existed for purposes of removal. To that extent, Defendant's special interrogatories asked Plaintiff to identify all of its members and those members' state of citizenship. Plaintiff's responses to the two (2) special interrogatories are due on December 26, 2019.

8.  On or about November 14, 2019, Plaintiff served on Defendant form interrogatories, special interrogatories, requests for production of documents, and requests for admissions (collectively,

4

"Merits Discovery"). The merits discovery requests information pertaining to substantive issues in the lawsuit.

9. On or about December 3, 2019, Plaintiff filed a request for entry of default against Defendant (ROA # 19). The request was rejected (ROA # 21).

10. After I received service of Plaintiff's request for entry of default, I contacted counsel for Plaintiff, and asked him to not refile the default request, explaining that it was premature. I also asked him to agree to a fifteen (15) day extension of time for Defendant to respond to the Complaint and for a thirty (30) day extension of time for Defendant to respond to the Merits Discovery. Mr. DuFord informed me that he would not agree to an extension. I followed up my conversation with an e-mail, a copy of which is attached hereto as Exhibit B.

11. At 10:14 a.m. on December 12, 2019, I sent an e-mail to Mr. DuFord and advised him that I intended to file this *ex parte* application requesting a fifteen (15) day extension to respond to the Complaint and a thirty (30) day extension to respond to the Merits Discovery. A copy of this e-mail is attached hereto as Exhibit C.

12. Good cause exists for an extension of time to respond to the Complaint and Merits Discovery. Defendant's two (2) special interrogatories are outstanding and Plaintiff's responses to those special interrogatories will dictate whether this case is removable. Defendant should not have to file its response in state court or respond to the Merits Discovery until the removability issue is decided. Moreover, the Merits Discovery is premature whether this case is in state or federal court, because in either court, Defendant will move (either through a transfer motion in federal court or a motion to dismiss in state court) to have the case sent to New York, where the parties' contract requires it be heard. The situs should be decided prior to the Merits Discovery so that the correct situs law can be applied to any discovery issues. Defendant therefore requests additional time to so that it can further investigate the issue of diversity jurisdiction and removal before addressing the substantive issues that might be mooted.

/ / /

/ / /

/ / /

DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME; SUPPORTING DECLARATION

13.     There have been no prior requests for an extension of time in this litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on December ___16___, 2019 at San Diego, California.

_____
Joseph T. Ergastolo

**EXHIBIT A**

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   MCKINNEY CAPITAL & ADVISORY          Case No.:  19cv2203-L-LL
     GROUP, LLC,
12                                        **ORDER REMANDING ACTION TO**
                              Plaintiff,  **STATE COURT**
13
14   v.

15   SILVER ARCH CAPITAL PARTNERS
     LLC,
16
                              Defendant.
17

18        Defendant removed this breach of contract and fraud action from State court

19   pursuant to 28 U.S.C. §§1332 and 1441.  For the reasons stated below, the action is

20   remanded.

21        "Federal courts are courts of limited jurisdiction.  They possess only that power

22   authorized by Constitution or statute, which is not to be expanded by judicial decree.  It is

23   to be presumed that a cause lies outside this limited jurisdiction, and the burden of

24   establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v.*

25   *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Consistent

26   with the limited jurisdiction of federal courts, the removal statute is strictly construed

27   against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The burden of

28   / / / / /

1   establishing removal jurisdiction is on the removing party.  *See Abrego Abrego v. The*

2   *Dow Chem. Co.*, 443 F.3d 676, 682-85 (9th Cir. 2006).

3       "[A]ny civil action brought in a State court of which the district courts of the

4   United States have original jurisdiction, may be removed . . .."  28 U.S.C. § 1441(a).

5   Defendants' notice of removal is based on 28 U.S.C. §1332.  Under section 1332(a),

6   original jurisdiction exists in cases where the amount in controversy exceeds $75,000 and

7   the case is "between citizens of different states."  To meet the requirement of diversity of

8   citizenship, Defendant must show "complete diversity of citizenship."  *Caterpillar, Inc. v.*

9   *Lewis,* 519 U.S. 61, 68 (1996).  This requirement is met when "the citizenship of each

10  plaintiff is diverse from the citizenship of each defendant."  *Id.*

11      The removing party is required to allege diversity, which includes "alleg[ing]

12  affirmatively the actual citizenship of the relevant parties."  *Kanter v. Warner-Lambert,*

13  265 F.3d 853, 857 (9th Cir. 2001).  According to the underlying complaint, Plaintiff and

14  Defendant are limited liability companies.  (Doc. no. 1 at 8.)[1]  The citizenship of a limited

15  liability company for purposes of diversity jurisdiction is determined by examining the

16  citizenship of each of its members.  *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96

17  (1990); *Johnson v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th

18  Cir.2006).  Defendant alleges that "[n]one of the members of Defendant are citizens of

19  the State of California," and that "none of the members of Plaintiff are citizens of the

20  State of New Jersey."  (Doc. no. 1 at 3.)  These allegations are insufficient to conclude

21  that none of Plaintiff's members is a citizen of the same state as any of Defendant's

22  members.  Accordingly, Defendant has not met its burden to affirmatively allege the

23  citizenship of all parties.  The notice of removal fails to establish federal jurisdiction.

24      "If at any time before final judgment it appears that the district court lacks subject

25  matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  This action is

26

27

28  [1]    Page numbers are assigned by the ECF system.

therefore remanded to the Superior Court of the State of California for the County of San Diego.

   **IT IS SO ORDERED.**

Dated:  November 21, 2019

Hon. M. James Lorenz
United States District Judge

19cv2203-L-LL

**EXHIBIT B**

**Joe Ergastolo**
_____

| | |
|---|---|
| **From:** | Joe Ergastolo |
| **Sent:** | Tuesday, December 10, 2019 9:19 AM |
| **To:** | Craig DuFord |
| **Cc:** | Sarah Kern |
| **Subject:** | McKinney and Silver Arch |

Hi Craig:

    During our call yesterday you requested that I send you an email with my requests.

## Default

    The request for entry of default your office filed on December 3, 2019 (since rejected by the court) should not have been filed because the deadline for Silver Arch to respond to the complaint is, at the earliest, December 20, 2019. Cal. Code Civ. Proc. Section 430.90. Silver Arch requests that plaintiff <u>not</u> refile the request for dismissal.

## Forum Selection Clause

    The term sheet executed by the parties contains a forum selection clause requiring the parties to bring any claim in any state or federal court sitting in the State of New York and such venue is "to the exclusion of the courts in any other state or country." The forum selection clause is enforceable. <u>Atl. Marine Constr. Co. v. United States Dist. Court</u>, 571 U.S. 49, 64 (2013); <u>Fireman's Fund Ins. Co. v. Cho Yang Shipping Co.</u>, 131 F.3d 1336, 1338 (9th Cir. 1997); <u>Smith, Valentino & Smith, Inc. v. Superior Court of L.A. Cnty.</u>, 17 Cal.3d 491, 494 (1976).

    Silver Arch requests that McKinney dismiss the pending San Diego Superior Court proceeding and re-file the matter in the appropriate forum in the State of New York.

    If McKinney declines to dismiss the pending proceeding, Silver Arch will move to dismiss McKinney's lawsuit for forum non conveniens, pursuant to Civil Procedure Code section 418.10(a), based on the mandatory forum selection clause, assuming the lawsuit remains in Superior Court. If the lawsuit is removed to federal court, Silver Arch will move to dismiss the action for improper venue, or transfer the case to the Southern District of New York. 28 U.S.C. section 1406(a).

## Extension Requests

    There are two pending deadlines that Silver Arch requests be moved. First, McKinney mail served form interrogatories, requests for admissions, special interrogatories, and request for production of documents ("Merits Discovery"), on November 14, 2019. Absent extension, the responses to the Merits Discovery are due on or before December 19, 2019. Second, absent an extension, Silver Arch's deadline to respond to McKinney's complaint is at the earliest December 20, 2019, 30 days after the Superior Court receives the case on remand.

    For the reason below, Silver Arch requests a 15 day extension to respond to plaintiff's complaint and a 30 day extension to respond to McKinney's Merits Discovery.

    On November 25, 2019, Silver Arch personally served on your office written discovery (2 questions) seeking information regarding McKinney's members. That information is necessary to determine whether there is complete diversity. Silver Arch will remove the case to federal court if the discovery indicates complete diversity exists.

It makes sense that the parties know where this case is going to be tried, before taking into any Merits Discovery. Thus, it makes sense for Silver Arch to receive and review the diversity discovery responses prior to having to answer the Merits Discovery or file a response in state court.

Please let me know by 5:00 p.m. on December 11, 2019, if you agree to extend the complaint response deadline by 15 days (to January 6, 2020) and the Merits Discovery response deadline 30 days (to January 17, 2020).

Please let me know if you have any questions.

Joe

Joseph T. Ergastolo
Wright, L'Estrange & Ergastolo
402 West Broadway, Suite 1800
San Diego, CA 92101
    Office: (619) 231-4844
    Direct: (619) 702-8202
    Fax:    (619) 231-6710
    Email: jte@wlelaw.com

**EXHIBIT C**

**Joe Ergastolo**

| | |
|---|---|
| **From:** | Joe Ergastolo |
| **Sent:** | Thursday, December 12, 2019 10:14 AM |
| **To:** | Craig DuFord |
| **Cc:** | Sarah Kern |
| **Subject:** | RE: McKinney and Silver Arch |

Hi Craig,

 I have not received a response to my email below.

 This email is to provide notice that Silver Arch will be appearing ex parte at 8:30 am on Tuesday December 17, 2019 in Department 66 of the Superior Court to request a  15 day extension of time to respond to plaintiff's complaint and a 30 day extension of time to respond to plaintiff's merits discovery, as defined in my email below.

 Please let me know if you have any questions.

 Joe

Joseph T. Ergastolo
Wright, L'Estrange & Ergastolo
402 West Broadway, Suite 1800
San Diego, CA  92101
  Office:  (619) 231-4844
  Direct:  (619 702-8202
  Fax:     (619) 231-6710
  Email: jte@wlelaw.com

**From:** Joe Ergastolo
**Sent:** Tuesday, December 10, 2019 9:19 AM
**To:** Craig DuFord <craig@dufordlaw.com>
**Cc:** Sarah Kern <skern@dufordlaw.com>
**Subject:** McKinney and Silver Arch

Hi Craig:

 During our call yesterday you requested that I send you an email with my requests.

## Default

 The request for entry of default your office filed on December 3, 2019 (since rejected by the court) should not have been filed because the deadline for Silver Arch to respond to the complaint is, at the earliest, December 20, 2019.  Cal. Code Civ. Proc. Section 430.90.  Silver Arch requests that plaintiff not refile the request for dismissal.

## Forum Selection Clause

 The term sheet executed by the parties contains a forum selection clause requiring the parties to bring any claim in any state or federal court sitting in the State of New York and such venue is "to the exclusion of the courts in any other state or country."  The forum selection clause is enforceable. Atl. Marine Constr. Co. v. United States Dist. Court, 571 U.S. 49, 64 (2013); Fireman's Fund Ins. Co.

v. Cho Yang Shipping Co., 131 F.3d 1336, 1338 (9th Cir. 1997); Smith, Valentino & Smith, Inc. v. Superior Court of L.A. Cnty., 17 Cal.3d 491, 494 (1976).

Silver Arch requests that McKinney dismiss the pending San Diego Superior Court proceeding and re-file the matter in the appropriate forum in the State of New York.

If McKinney declines to dismiss the pending proceeding, Silver Arch will move to dismiss McKinney's lawsuit for forum non conveniens, pursuant to Civil Procedure Code section 418.10(a), based on the mandatory forum selection clause, assuming the lawsuit remains in Superior Court. If the lawsuit is removed to federal court, Silver Arch will move to dismiss the action for improper venue, or transfer the case to the Southern District of New York. 28 U.S.C. section 1406(a).

**Extension Requests**

There are two pending deadlines that Silver Arch requests be moved. First, McKinney mail served form interrogatories, requests for admissions, special interrogatories, and request for production of documents ("Merits Discovery"), on November 14, 2019. Absent extension, the responses to the Merits Discovery are due on or before December 19, 2019. Second, absent an extension, Silver Arch's deadline to respond to McKinney's complaint is at the earliest December 20, 2019, 30 days after the Superior Court receives the case on remand.

For the reason below, Silver Arch requests a 15 day extension to respond to plaintiff's complaint and a 30 day extension to respond to McKinney's Merits Discovery.

On November 25, 2019, Silver Arch personally served on your office written discovery (2 questions) seeking information regarding McKinney's members. That information is necessary to determine whether there is complete diversity. Silver Arch will remove the case to federal court if the discovery indicates complete diversity exists.

It makes sense that the parties know where this case is going to be tried, before taking into any Merits Discovery. Thus, it makes sense for Silver Arch to receive and review the diversity discovery responses prior to having to answer the Merits Discovery or file a response in state court.

Please let me know by 5:00 p.m. on December 11, 2019, if you agree to extend the complaint response deadline by 15 days (to January 6, 2020) and the Merits Discovery response deadline 30 days (to January 17, 2020).

Please let me know if you have any questions.

Joe

Joseph T. Ergastolo
Wright, L'Estrange & Ergastolo
402 West Broadway, Suite 1800
San Diego, CA 92101
   Office: (619) 231-4844
   Direct: (619 702-8202
   Fax:    (619) 231-6710
   Email: jte@wlelaw.com

ELECTRONICALLY RECEIVED
Superior Court of California,
County of San Diego
**12/16/2019** at 09:12:53 AM
Clerk of the Superior Court
By Carolina Miranda,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT**

| | |
|---|---|
| MCKINNEY CAPITAL & ADVISORY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SILVER ARCH CAPITAL PARTNERS, LLC, a New Jersey limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 37-2019-00052881-CU-FR-CTL<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND MERITS DISCOVERY** |

GOOD CAUSE APPEARING, Defendant Silver Arch Capital Partners LLC's request for: (1) a fifteen (15) day extension to respond to Plaintiff McKinney Capital & Advisory, LLC's complaint; and (2) a thirty (30) day extension to respond to Plaintiff's merits discovery, is hereby granted.

Defendant's response to the complaint is due on January 7, 2020.

Defendant's responses to Plaintiff's merits discovery is due on January 20, 2020.

IT IS ORDERED.

Dated: _____    _____

HONORABLE KENNETH J. MEDEL

[PROPOSED] ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**12/16/2019** at 09:12:00 AM

Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

1  WRIGHT, L'ESTRANGE & ERGASTOLO
   Joseph T. Ergastolo (SBN 137807)
2  jte@wlelaw.com
   Davin H. Kono (SBN 312382)
3  dkono@wlelaw.com
   402 West Broadway, Suite 1800
4  San Diego, California 92101
   (619) 231-4844
5  (619) 231-6710 (Facsimile)

6  *Attorneys for Defendant*
   *Silver Arch Capital Partners LLC*
7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT**

11  MCKINNEY CAPITAL & ADVISORY,      Case No.: 37-2019-00052881-CU-FR-CTL
    LLC, a California limited liability company,
12                                     **PROOF OF SERVICE**
                 Plaintiff,
13
        v.
14
    SILVER ARCH CAPITAL PARTNERS,
15  LLC, a New Jersey limited liability company;
    and DOES 1 through 50, inclusive,
16
                 Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

---

PROOF OF SERVICE

I am a resident of the State of California over the age of 18 years, and not a party to the within action. My business address is 402 West Broadway, Suite 1800, San Diego, CA 92101. On **December 16, 2019,** I served the within documents:

> **DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND MERITS DISCOVERY; DECLARATION OF JOSEPH T. ERGASTOLO IN SUPPORT THEREOF**

> **[PROPOSED] ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND MERITS DISCOVERY**

_____ U.S. Mail: I placed a copy in a separate envelope, with postage fully prepaid, for each addressee named herein for collection and first class mailing on the below indicated date. I am readily familiar with Wright, L'Estrange & Ergastolo's practices for collection and processing of correspondence for mailing with the United States Postal Service.

   **XX**   I caused the above-named documents to be served by hand-delivery (via Advanced Attorney Service) on:

| | |
|---|---|
| DUFORD LAW, LLP<br>Craig W. Duford, State Bar No. 305823<br>Julia S. Zold, State Bar No. 324847<br>3611 Fifth Ave.<br>San Diego, CA 92103<br>Ph: (619) 546-4291<br>Fax: (619) 354-2449 | Attorneys for Plaintiff |

Executed **December 16, 2019,** at San Diego, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Tina R. Rynberg



F I L E D
Clerk of the Superior Court
DEC 17 2019
By: G. Mendoza, Clerk

1
2
3
4
5

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

6

**FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT**

7
8

MCKINNEY CAPITAL & ADVISORY, LLC, a California limited liability company,

9

Plaintiff,

10

v.

11
12

SILVER ARCH CAPITAL PARTNERS, LLC, a New Jersey limited liability company; and DOES 1 through 50, inclusive,

13

Defendants.

Case No.: 37-2019-00052881-CU-FR-CTL

**[PROPOSED] ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND MERITS DISCOVERY**

14
15
16

    GOOD CAUSE APPEARING, Defendant Silver Arch Capital Partners LLC's request for: (1) a

17

fifteen (15) day extension to respond to Plaintiff McKinney Capital & Advisory, LLC's complaint; and

18

(2) a thirty (30) day extension to respond to Plaintiff's merits discovery, is hereby granted.

19

    Defendant's response to the complaint is due on January 7, 2020.

20

    Defendant's responses to Plaintiff's merits discovery is due on January 20, 2020.

21

IT IS ORDERED.

22

Dated: ___DEC 1 7 2019___

23

_____
HONORABLE KENNETH J. MEDEL

**Kenneth J. Medel**

24
25
26
27
28

---

[PROPOSED] ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME

WRIGHT, L'ESTRANGE & ERGASTOLO
Joseph T. Ergastolo (SBN 137807)
jte@wlelaw.com
Davin H. Kono (SBN 312382)
dkono@wlelaw.com
402 West Broadway, Suite 1800
San Diego, California 92101
(619) 231-4844
(619) 231-6710 (Facsimile)

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/23/2019** at 02:43:00 PM

Clerk of the Superior Court
By Lee McAlister, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT

| | |
|---|---|
| MCKINNEY CAPITAL & ADVISORY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SILVER ARCH CAPITAL PARTNERS, LLC, a New Jersey limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 37-2019-00052881-CU-FR-CTL<br><br>**NOTICE OF ENTRY OF ORDER**<br><br>Judge:  The Honorable Kenneth J. Medel<br>Dept:   C-66 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 17, 2019, at 8:30 a.m. in Department C-66 of the above-entitled Court, located at 330 West Broadway, San Diego, California 92101, the Court entered an order granting Defendant Silver Arch Capital Partners, LLC's *ex parte* application to extend time to respond to Plaintiff McKinney Capital & Advisory, LLC's Complaint and merits discovery in the above-captioned action. A true and correct copy of the Order is attached hereto as Exhibit A.

WRIGHT, L'ESTRANGE & ERGASTOLO

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*

Date: December 17, 2019                    By:_____
                                                        Joseph T. Ergastolo

1

# EXHIBIT A



F I L E D
Clerk of the Superior Court
DEC 17 2019
By: G. Mendoza, Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT**

| | |
|---|---|
| MCKINNEY CAPITAL & ADVISORY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SILVER ARCH CAPITAL PARTNERS, LLC, a New Jersey limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 37-2019-00052881-CU-FR-CTL<br><br>~~[PROPOSED]~~ ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND MERITS DISCOVERY |

GOOD CAUSE APPEARING, Defendant Silver Arch Capital Partners LLC's request for: (1) a fifteen (15) day extension to respond to Plaintiff McKinney Capital & Advisory, LLC's complaint; and (2) a thirty (30) day extension to respond to Plaintiff's merits discovery, is hereby granted.

Defendant's response to the complaint is due on January 7, 2020.

Defendant's responses to Plaintiff's merits discovery is due on January 20, 2020.

IT IS ORDERED.

Dated: ___DEC 1 7 2019___

_____
**Kenneth J. Medel**
HONORABLE KENNETH J. MEDEL

1   WRIGHT, L'ESTRANGE & ERGASTOLO
      Joseph T. Ergastolo (SBN 137807)
2   jte@wlelaw.com
      Davin H. Kono (SBN 312382)
3   dkono@wlelaw.com
    402 West Broadway, Suite 1800
4   San Diego, California 92101
    (619) 231-4844
5   (619) 231-6710 (Facsimile)

6   *Attorneys for Defendant*
    *Silver Arch Capital Partners LLC*

7

8

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/23/2019** at 02:43:00 PM

Clerk of the Superior Court
By Lee McAlister,Deputy Clerk

9               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT**

11  MCKINNEY CAPITAL & ADVISORY,        Case No.: 37-2019-00052881-CU-FR-CTL
    LLC, a California limited liability company,
12                                      **PROOF OF SERVICE**
                Plaintiff,
13
          v.
14
    SILVER ARCH CAPITAL PARTNERS,
15  LLC, a New Jersey limited liability company;
    and DOES 1 through 50, inclusive,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1     I am a resident of the State of California over the age of 18 years, and not a party to the within

2     action.   My business address is 402 West Broadway, Suite 1800, San Diego, CA  92101.   On

3     **December 23, 2019,** I served the within documents:

4          **NOTICE OF ENTRY OF ORDER**

5     _XX_  U.S. Mail: I placed a copy in a separate envelope, with postage fully prepaid, for each addressee

6     named herein for collection and first class mailing on the below indicated date.  I am readily familiar

7     with Wright, L'Estrange & Ergastolo's practices for collection and processing of correspondence for

8     mailing with the United States Postal Service.

9     _X_          By transmitting the document via Notice of Electronic Filing through CM/ECF (One

10    Legal) on the date of this certificate to those persons as indicated below.

11

| DUFORD LAW, LLP<br>Craig W. Duford, State Bar No. 305823<br>Julia S. Zold, State Bar No. 324847<br>3611 Fifth Ave.<br>San Diego, CA 92103<br>Ph: (619) 546-4291<br>Fax: (619) 354-2449 | Attorneys for Plaintiff |
|---|---|

16    Executed **December 23, 2019,** at San Diego, California.  I declare under penalty of perjury under

17    the laws of the State of California that the foregoing is true and correct.

18

19

20    Tina R. Rynberg

---

1

PROOF OF SERVICE

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Craig DuFord, SBN 305823 / Julia Zold SBN 324847<br>DuFord Law, LLP<br>3611 Fifth Avenue<br>San Diego, CA 92103<br>TELEPHONE NO.: (619) 546-4291    FAX NO. *(Optional)*: (619) 354-2449<br>E-MAIL ADDRESS *(Optional)*: Craig@Dufordlaw.com<br>ATTORNEY FOR *(Name)*: McKinney Capital and Advisory Group LLC | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Civil

| | |
|---|---|
| PLAINTIFF/PETITIONER: McKinney Capital and Advisory Group LLC | CASE NUMBER:<br>37-2019-00052881-CU-FR-CTL |
| DEFENDANT/RESPONDENT: Silver Arch Capital Partners LLC, et al. | JUDICIAL OFFICER:<br>Kenneth J Medel |
| **NOTICE OF CHANGE OF ADDRESS OR OTHER<br>CONTACT INFORMATION** | DEPT:<br>C-66 |

1. **Please take notice** that, as of *(date)*: 1/1/2020

   ☐ the following self-represented party or

   ☑ the attorney for:

     a. ☑ plaintiff *(name)*: McKinney Capital and Advisory Group LLC

     b. ☐ defendant *(name)*:

     c. ☐ petitioner *(name)*:

     d. ☐ respondent *(name)*:

     e. ☐ other *(describe)*:

has **changed his or her address** for service of notices and documents or other contact information in the above-captioned action.

   ☐ A list of additional parties represented is provided in Attachment 1.

2. The **new address** or other contact information for *(name)*: Craig DuFord

   is as follows:

   a. Street: 2131 Third Ave

   b. City: San Diego

   c. Mailing address *(if different from above)*:

   d. State and zip code: CA, 92101

   e. Telephone number: 6195464291

   f. Fax number (if available): 619) 354-2449

   g. E-mail address (if available): craig@dufordlaw.com

3. **All notices and documents** regarding the action should be sent to the above address.

Date: 12/30/2019

Craig DuFord

    (TYPE OR PRINT NAME)         ▶                (SIGNATURE OF PARTY OR ATTORNEY)

                                         Page 1 of 2

**NOTICE OF CHANGE OF ADDRESS OR OTHER<br>CONTACT INFORMATION**

| PLAINTIFF/PETITIONER: McKinney Capital and Advisory Group LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silver Arch Capital Partners LLC, et al. | 37-2019-00052881-CU-FR-CTL |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION

*(NOTE: This page may be used for proof of service by first-class mail of the Notice of Change of Address or Other Contact Information. Please use a different proof of service, such as Proof of Service—Civil (form POS-040), if you serve this notice by a method other than first class-mail, such as by fax or electronic service. You cannot serve the Notice of Change of Address or Other Contact Information if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. At the time of service, I was at least 18 years old and **not a party to this action.**

2. I am a resident of or employed in the county where the mailing took place. My residence or business address is *(specify):*
   2131 Third Ave, San Diego, CA 92101

3. I served a copy of the *Notice of Change of Address or Other Contact Information* by enclosing it in a sealed envelope addressed to the persons listed in item 5 and *(check one):*
   a. ☑ deposited the sealed envelope with the United States Postal Service with postage fully prepaid.
   b. ☐ placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The *Notice of Change of Address or Other Contact Information* was placed in the mail:
   a. on *(date):* 12/30/2019
   b. at *(city and state):* San Diego, CA 92103

5. The envelope was addressed and mailed as follows:

   a. Name of person served:
   JOSEPH ERGASTOLO
   Street address: 402 W Broadway 1800
   City: SAN DIEGO
   State and zip code: CA 92101

   c. Name of person served:
   Street address:
   City:
   State and zip code:

   b. Name of person served:
   Street address:
   City:
   State and zip code:

   d. Name of person served:
   Street address:
   City:
   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/30/2019

Esther Hernandez
(TYPE OR PRINT NAME OF DECLARANT)

▶ *C.Hdz*
(SIGNATURE OF DECLARANT)

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

MCKINNEY CAPITAL AND ADVISORY LLC,
a California limited liability company,

                Plaintiff

       v.

SILVER ARCH CAPITAL PARTNERS LLC
a New Jersey limited liability company, and
Does 1-50, inclusive,

           **Defendants**

Civil Action No.

Removed from:
Superior Court of California
County of San Diego-Central Division
Case No 37-2019-00052881

## AFFIDAVIT OF JEFFREY WOLFER

State of New Jersey  )
              ss:
County of Bergen    )

      Jeffrey Wolfer, being duly sworn, deposes and says:

      1.      I am the Managing Member and Chief Executive Officer of Defendant Silver Arch Capital Partners, LLC. ("SACP"). I offer this affidavit to identify the citizenship of each of the members of SACP.

      2.      The sole members of SACP are Jeffrey Wolfer and Stephanie Wolfer. Stephanie and I both are citizens of the State of New Jersey and maintain our residence in Alpine, New Jersey. We do not maintain any residence in the State of California or any other jurisdiction.

                                                Jeffrey Wolfer

Sworn to before me this
26th day of November 2019

Notary Public

MARY ELLEN PHELAN
A Notary Public of New Jersey
My Commission Expires 12/09/2021

**EXHIBIT C**

KELLY E. DUFORD, State Bar No. 295646
*craig@dufordlaw.com*
RIO F. SCHWARTING, State Bar No. 323363
*rio@dufordlaw.com*
DUFORD LAW, LLP
3611 Fifth Ave
San Diego, CA 92103
Ph:(619) 546-4291
Fax:(619) 354-2449

Attorneys for Plaintiff
MCKINNEY CAPITAL & ADVISORY, LLC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| MCKINNEY CAPITAL & ADVISORY, LLC., a California limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>SILVER ARCH CAPITAL PARTNERS, LLC., a New Jersey limited liability company; and does 1-50, inclusive,<br><br>            Defendants. | Case No. 37-2019-00052881-CL-FR-CTL<br><br>**PLAINTIFF MCKINNEY CAPITAL & ADVISORY, LLC FIRST AMENDED RESPONSES TO DEFENDANT SILVER ARCH CAPITAL PARTNERS, LLC's REQUESTS FOR SPECIAL INTERROGATORIES, (SET ONE)** |

PROPOUNDING PARTY:    SILVER ARCH CAPITAL PARTNERS, LLC.

RESPONDING PARTY:      MCKINNEY CAPITAL & ADVISORY, LLC.

SET NUMBER:                  ONE

Responding party, Plaintiff MCKINNEY CAPITAL & ADVISORY, LLC. ("Plaintiff"), in the above case, makes the following amended response to Defendant SILVER ARCH CAPITAL PARTNERS, LLC. ("Defendant"), FIRST set of specially prepared interrogatories.

//

//

//

# PRELIMINARY STATEMENT

Plaintiff has not fully completed their investigation into this action, discovery in this action, or preparation for potential motions and trial. Plaintiff's responses are based upon and necessarily limited to records and information still in existence, presently available, and obtained in the course of preparing these responses. Consequently, Plaintiff expressly reserves the right to change, amend, modify, or supplement these responses in the event of error, mistake, or omission, and as Plaintiff ascertains additional facts, makes analyses, completes legal research, or obtains documents. Plaintiff also reserves the right to make any changes to these responses if, at any time, additional or more accurate documents become available, and to establish at a later date any additional facts that may be contained within or discovered as a result of any additional documents.

## SPECIAL INTERROGATORIES

## SPECIAL INTERROGATORY NO. 1:

IDENTIFY ALL MEMBERS ("IDENTIFY ALL MEMBERS " means: (1) for a member that is a natural person, that natural person 's first, middle, and last name; (2) for a member that is a corporation, that corporation's name; and (3) for a member that is a noncorporate business entity (i) the noncorporate business entity's name and (ii) the first, middle, and last name of every member of the noncorporate business entity) of McKinney Capital as of October 4, 2019.

## RESPONSE:

Responding Party objects to this request on the grounds it compound. Responding Party objects to this request on the grounds it is overbroad as to time and scope. Objection, vague and ambiguous. Objection, information is in the possession of Propounding Party, others affiliated with Propounding Party, and is easily accessible. Without waiving said objections Responding Party answers as follows:

Damian McKinney.

Responding Party reserves the right to supplement, modify and/ or change this response up to and including the time of trial.

## SPECIAL INTERROGATORY NO. 2:

For each Member of McKinney Capital, IDENTIFY THAT MEMBER'S STATE OF

1  CITIZENSHIP ("IDENTIFY THAT MEMBER 'S STATE OF CITIZENSHIP" means: (1) for a
2  member that is a natural person, that natural person's (i) country of citizenship and (ii) state of
3  domicile; (2) for a member that is a corporation (i) the state or foreign country in which it is
4  incorporated and (ii) the state or foreign country where it has its principal place of business; and
5  (3) for a member that is a noncorporate business entity, each member of the noncorporate
6  business entity 's (i) country of citizenship and (ii) state of domicile) as of October 4, 2019.

7  **RESPONSE:**

8      Responding Party objects to this request on the grounds it compound. Objection,
9  information is in the possession of Propounding Party, others affiliated with Propounding Party,
10  and is easily accessible. Without waiving said objections Responding Party answers as follows:

    Damian McKinney, California, United States of America.

11      Responding Party reserves the right to supplement, modify and/ or change this response
12  up to and including the time of trial.

15  DATED: January 03, 2019         **DUFORD LAW, LLP**

17  By: _____
18          KELLY E. DUFORD
        RIO F. SCHWARTING
19          Attorneys for Plaintiff

---

PLAINTIFF'S RESPONSE TO DEFENDANT'S (1) SET OF SPECIAL INTERROGATORIES

3

**VERIFICATION**

MCKINNEY CAPITAL & ADVISORY GROUP, LLC V. SILVER ARCH CAPITAL
PARTNERS, LLC; AND DOES 1-50.
37-2019-00052881-CL-FR-CTL

MCKINNEY CAPITAL & ADVISORY GROUP, LLC, declares as follows:

1.    It is a Plaintiff in the above entitled action.

2.    It has read its responses to Defendant's Requests for Special Interrogatories, Set One. The matters stated therein are true to the best of my knowledge.

I declare under penalty of perjury under the laws of the state of California that the forgoing is true and correct. Executed on this 2nd day of January 2020 in San Diego, California.

By: _____
    Damian McKinney
    Damian McKinney, Member of McKinney Capital &
    Advisory Group, LLC.

1
VERIFICATION

## PROOF OF SERVICE

     I certify that I am over 18 years of age, not a party to this action, and an employee of the law office of DuFord Law LLP, and that on the 3rd day of January 2020 I deposited for mailing in San Diego, California a true and correct copy of  PLAINTIFF MCKINNEY CAPITAL & ADVISORY, LLC'S FIRST AMENDED RESPONSES TO DEFENDANT SILVER ARCH CAPITAL PARTNERS, LLC'S REQUESTS FOR SPECIAL INTERROGATORIES, (SET ONE), addressed to:

> Joseph T. Ergastolo
> Wright, L'Estrange & Ergastolo
> 402 West Broadway, Suite 1800
> San Diego, CA  92101
> Office:  (619) 231-4844
> Direct:  (619 702-8202
> Fax:     (619) 231-6710
> Email: jte@wlelaw.com

     I declare under penalty of perjury under the laws of the state of California that the forgoing is true and correct.

     DATED this 3rd day of January 2020.

_____
Joel Feldman

**EXHIBIT D**

WRIGHT, L'ESTRANGE & ERGASTOLO
  Joseph T. Ergastolo (SBN 137807)
  jte@wlelaw.com
  Davin H. Kono (SBN 312382)
  dkono@wlelaw.com
402 West Broadway, Suite 1800
San Diego, California 92101
(619) 231-4844
(619) 231-6710 (Facsimile)

*Attorneys for Defendant*
*Silver Arch Capital Partners LLC*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT

| | |
|---|---|
| MCKINNEY CAPITAL & ADVISORY, LLC, a California limited liability company, | Case No.: 37-2019-00052881-CU-FR-CTL |
| Plaintiff, | **NOTICE OF FILING OF REMOVAL** |
| v. | |
| SILVER ARCH CAPITAL PARTNERS, LLC, a New Jersey limited liability company; and DOES 1 through 50, inclusive, | |
| Defendants. | Judge:  The Honorable Kenneth J. Medel<br>Dept:   C-66 |

1       TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR

2   ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE that on January 7, 2020, Defendant Silver Arch Capital Partners LLC

4   filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, in the above-captioned action

5   removing this action to the United States District Court for the Southern District of California.

6       PLEASE TAKE FURTHER NOTICE that Defendant, upon filing the Notice of Removal in the

7   office of the Clerk of the United States District Court for the Southern District of California, also filed

8   copies thereof with the Clerk of the Superior Court of the State of California, County of San Diego, to

9   effect removal pursuant to 28 U.S.C. § 1446.

10      A copy of the Notice of Removal is annexed hereto.

11

12  Date: January 7, 2020           WRIGHT, L'ESTRANGE & ERGASTOLO

13                     *Attorneys for Defendant*

14                     *Silver Arch Capital Partners LLC*

15                     By: _____

16                          Joseph T. Ergastolo

17

18

19

20

21

22

23

24

25

26

27

28

1  WRIGHT, L'ESTRANGE & ERGASTOLO
     Joseph T. Ergastolo (SBN 137807)
2    jte@wlelaw.com
     Davin H. Kono (SBN 312382)
3    dkono@wlelaw.com
     402 West Broadway, Suite 1800
4  San Diego, California 92101
   (619) 231-4844
5  (619) 231-6710 (Facsimile)

6  *Attorneys for Defendant*
   *Silver Arch Capital Partners LLC*

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT**

11  MCKINNEY CAPITAL & ADVISORY,        Case No.: 37-2019-00052881-CU-FR-CTL
    LLC, a California limited liability company,
12                                       **PROOF OF SERVICE**
                   Plaintiff,
13
           v.
14
    SILVER ARCH CAPITAL PARTNERS,
15  LLC, a New Jersey limited liability company;
    and DOES 1 through 50, inclusive,
16
                   Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

I am a resident of the State of California over the age of 18 years, and not a party to the within action. My business address is 402 West Broadway, Suite 1800, San Diego, CA 92101. On **January 7, 2020** I served the within documents:

**NOTICE OF FILING OF REMOVAL**

  XX  U.S. Mail: I placed a copy in a separate envelope, with postage fully prepaid, for each addressee named herein for collection and first class mailing on the below indicated date. I am readily familiar with Wright, L'Estrange & Ergastolo's practices for collection and processing of correspondence for mailing with the United States Postal Service.

| | |
|---|---|
| DUFORD LAW, LLP<br>Craig W. Duford, State Bar No. 305823<br>Julia S. Zold, State Bar No. 324847<br>2131 Third Ave.<br>San Diego, CA 92101<br>Ph: (619) 546-4291<br>Fax: (619) 354-2449<br>craig@dufordlaw.com | *Attorneys for Plaintiff McKinney Capital &*<br>*Advisory Group, LLC* |

Executed **January 7, 2020** at San Diego, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Tina R Rynberg*

Tina R. Rynberg